JOSEPH J. MUELLER (admitted *pro hac vice*)
joseph.mueller@wilmerhale.com
WILMER CUTLER PICKERING
　HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
　HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON, a Swedish Corporation, and ERICSSON, INC., a Delaware Corporation,<br><br>　　　　　Defendants. | Case No. 3:15-cv-00154-JD<br><br>**DECLARATION OF JEFF RISHER IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE REPLY PAPERS UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79-5**<br><br>Judge: Hon. James Donato |

I, Jeff Risher, do hereby declare as follows:

1. I am the Director of Patent Licensing and Strategy for Apple Inc. ("Apple"). I submit this declaration in support of Defendants' Administrative Motion to File Reply Papers Conditionally Under Seal Pursuant to Civil Local Rule 79-5. I have personal knowledge of the matters set forth in this Declaration, and if called as a witness, I could and would competently testify to them under oath.

2. Defendants Telefonaktiebolaget LM Ericsson and Ericsson, Inc. (collectively, "Defendants") have sought to file conditionally under seal certain highlighted portions of Defendants' Reply Brief In Support Of Motion To Dismiss First Amended Complaint, Defendants' Reply Brief In Support Of Motion To Dismiss On *Forum Non Conveniens* Grounds Under *Atlantic Marine*, and Exhibit B to the Declaration of Zachary Briers. (D.I. 45.) Defendants state that they do not support sealing any of the highlighted portions.

3. The highlighted portions of the documents listed above quote or disclose the confidential terms and conditions of a license agreement between Apple and Telefonaktiebolaget LM Ericsson ("Ericsson") ("License Agreement") or the confidential terms and conditions of a Non-Disclosure Agreement between Apple and Ericsson ("Non-Disclosure Agreement"). The terms and conditions of the License Agreement are subject to a confidentiality clause within the License Agreement. (License Agreement, ¶ 17.) The terms and conditions of the Non-Disclosure Agreement are similarly subject to a confidentiality clause within the Non-Disclosure Agreement. (Non-Disclosure Agreement, ¶ 2.) The highlighted portions of the documents also quote, disclose, or characterize confidential communications between Apple and Ericsson during licensing discussions that are covered by the Non-Disclosure Agreement.

4. Apple generally considers the terms and conditions of its license agreements and non-disclosure agreements with third parties to be highly confidential. These agreements are highly confidential within Apple business and can only be accessed by employees on a need-to-know basis.

5. The disclosure of the confidential terms and conditions of its license agreements and non-disclosure agreements with third parties would be harmful to Apple. For example, pre-existing

knowledge of these terms by third parties would put Apple at a competitive disadvantage in future licensing negotiations with prospective licensing partners.

6. Similarly, the disclosure of confidential communications between Apple and Ericsson during licensing discussions would be harmful to Apple. For example, pre-existing knowledge of Apple's confidential licensing communications by third parties would put Apple at a competitive disadvantage in future licensing negotiations with prospective licensing partners.

7. Apple seeks to seal portions of Defendants' replies in support of Defendants' motions to dismiss; thus, the "compelling reasons" standard applies. *See Koninklijke Philips N.V., et al. v. Elec-Tech Int'l Co., Ltd., et al.*, Case No. 14-cv-02737-BLF, 2015 WL 581574, *1 (N.D. Cal. Feb. 10, 2015) (finding that requests to seal contracts regarding terms and conditions of employment, as well as information regarding non-public recruitment efforts and business practices, met the "compelling reasons" standard). The Ninth Circuit has recognized that the potential release of trade secret information is a "compelling reason[]" that outweighs the public's interest in access to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Courts in this District have allowed parties to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements because such information falls within the definition of "trade secrets." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-cv-1846, 2012 WL 3283478, at *6 (N.D. Cal. Aug. 9, 2012) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)), *rev'd on other grounds*, 727 F.3d 1214 (Fed. Cir. 2013); *see also Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd*, No. 14-CV-01637-JD, 2014 WL 2758756, at *2-3 (N.D. Cal. June 17, 2014) (granting sealing of "highly confidential and sensitive financial and other terms of licenses"). Disclosure of such information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." *Apple*, 2012 WL 3283478, at *7.

8. Defendants' proposed redactions are narrowly tailored to include only terms and provisions that are highly confidential and protected trade secrets or confidential communications

between Apple and Ericsson during licensing discussions. Magistrate Judge Ryu previously granted Apple's motion to seal similar terms appearing in its Complaint. (See D.I. 9.)

9. In summary, Apple supports sealing the following highlighted portions of Defendants' reply papers:

| Defendants' Reply Brief In Support Of Motion To Dismiss First Amended Complaint ||
| Page | Line Number(s) |
| --- | --- |
| 6 | 8-9 |
| 7 | Highlighted portions of FN 3 |
| 8 | 1-2 |
| 10 | 11-12 |

| Defendants' Reply Brief In Support Of Motion To Dismiss On *Forum Non Conveniens* Grounds Under *Atlantic Marine* ||
| Page | Line Number(s) |
| --- | --- |
| i | 5 |
| 1 | 6-9, 15-16, 25 |
| 2 | 4, 7, 13, 23, 26 (second highlight only) |
| 3 | 4, 7, 8, 10, 12, 14, 17 |
| 5 | 10, 17-20, FN 2 (all highlighted portions except "*Martinez*, 740 F.3d at 225-226"). |
| 6 | 1, 20-21, 23, 26-27 |
| 7 | 3, 8, 16, 28 |
| 8 | 1-2, 17-18, 20-21, 27 |
| 9 | 28 (first highlight only) |
| 10 | 1 (last highlight only), 2 (first highlight only), 10 (first highlight only), 12 (first highlight only), 15 (last highlight only), 26, 27 |

/

/

| \ | |
|---|---|
| **Exhibit B to the Declaration of Zachary Briers** | |
| Page | Line Number(s) |
| 1 | All highlighted portions |
| 2 | All highlighted portions except "In that regard, please consider the attached arbitration offer, which will remain open until April 2, 2015." |

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed this 23rd day of March 2015, at Cupertino, California.

Dated: March 23, 2015  By: _____
Jeff Risher