WILLIAM F. LEE (admitted *pro hac vice*)
william.lee@wilmerhale.com
JOSEPH J. MUELLER (admitted *pro hac vice*)
joseph.mueller@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

GREGORY P. STONE (Bar No. 78329)
gregory.stone@mto.com
STEVEN M. PERRY (Bar No. 106154)
steven.perry@mto.com
BENJAMIN J. HORWICH (Bar No. 249090)
ben.horwich@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

COURTLAND L. REICHMAN (Bar No.
268873)
creichman@mckoolsmithhennigan.com
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone:     (650) 394-1400
Facsimile:     (650) 394-1422

*Attorneys for Defendants Telefonaktiebolaget
LM Ericsson and Ericsson, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

APPLE INC., a California Corporation,

      Plaintiff,

  v.

TELEFONAKTIEBOLAGET LM
ERICSSON, a Swedish Corporation, and
ERICSSON, INC., a Delaware Corporation,

      Defendants.

Case No. 3:15-cv-00154-JD

**JOINT CASE MANAGEMENT
STATEMENT**

Judge: Hon. James Donato
Date: April 15, 2015
Time: 10:00 a.m.
Place: Courtroom 11, 19th Floor

Plaintiff Apple Inc. ("Apple") and Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") submit this JOINT CASE MANAGEMENT STATEMENT pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the November 1, 2014 Standing Order for All Judges of the Northern District of California.

As to certain issues, the parties dispute what should properly be included in this statement. For those issues, the parties have indicated where they agree and their respective positions as to any disputed issues.

**1.   Jurisdiction and Service**

Apple states that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

Ericsson contends that the Court lacks subject matter jurisdiction over Apple's claims because those claims do not present a justiciable case or controversy, as set forth in its pending motion to dismiss (Dkt. No. 25). Ericsson does not dispute personal jurisdiction, but, for the reasons given in Ericsson's pending *forum non conveniens* motion (Dkt. No. 26), Ericsson contends that Apple's claims raise threshold issues that must be brought in another forum.

Apple disputes Ericsson's arguments for the reasons set forth in its opposition to Ericsson's pending motions to dismiss.

No parties remain to be served.

**2.   Facts**

Ericsson has a large portfolio of patents that it has declared may be essential to several modern cellular telecommunications standards, including LTE. Apple contends that the relevant standard-setting organizations have no gatekeeping authority and have not tested Ericsson's declarations to determine whether the patents are in fact essential. As part of making those declarations, Ericsson committed to offer licenses to its standard-essential patents to those who practice the relevant standard on fair, reasonable, and non-discriminatory (FRAND) terms, on certain conditions. Apple is a leading seller of devices that support these cellular standards.

In 2008, Ericsson licensed Apple to practice, *inter alia*, Ericsson's portfolio of patents essential to some (but not all) standards (the "2008 License Agreement").  Apple contends that it entered this license under threat of injunction.  Ericsson and Apple subsequently engaged in negotiations to extend and expand that license.  The parties had not reached agreement on certain terms when the 2008 License Agreement expired on January 14, 2015.

Apple filed its original Complaint on January 12, 2015 (Dkt. 1), seeking a declaration that seven patents (collectively, the "Patents-in-Suit") that Ericsson has declared to be essential to the LTE cellular standard are neither essential to the LTE standard nor infringed by Apple.  As an alternative, in the event any of the Patents-in-Suit are found to be actually essential and infringed by Apple, Apple seeks a declaration of a FRAND royalty that (a) uses a royalty base of (at most) the smallest saleable unit substantially embodying the claimed invention and (b) sets a reasonable rate applied to that royalty base that reflects the actual technical contribution to the standard that is attributable to the patent.  On January 15, 2015, Apple filed a First Amended Complaint, which includes the same causes of action.  (Dkt. 11-3.)

Apple contends that there is a live controversy between the parties as to each of the seven Patents-in-Suit, including because Ericsson has declared them essential to the LTE standard that many Apple products support; Ericsson has previously asserted each of these patents in other litigation; during the parties' negotiations, Ericsson told Apple that it was infringing these seven patents; and other grounds identified in the sealed portions of Apple's complaint.  Ericsson disagrees for the reasons set forth in its motion to dismiss (Dkt. 25).

The principal disputed factual issues concern:  (1) whether the Patents-in-Suit are infringed by Apple; and (2) if any patent is found to be essential and infringed, what royalty rate should be set.[1]  Ericsson believes that the following are additional principal factual issues in dispute: (3) whether paragraph 2.4 of the 2008 License Agreement constitutes an affirmative act

---

[1] Ericsson contends that whether the Court should set a royalty rate for Apple's infringement is an additional issue.  Apple contends that the royalty rate must be a FRAND royalty rate.

by Ericsson to target Apple's products; and (4) whether Apple's allegations regarding certain claim charts that were provided by Ericsson to Apple under an NDA can form a basis for subject matter jurisdiction.  As for (3), as set forth in Apple's opposition to Ericsson's motion to dismiss, Apple believes there is no dispute among the parties over what paragraph 2.4 of the 2008 License Agreement actually means; the only question is its effect on the existence of a live controversy for purposes of U.S. declaratory judgment jurisdiction.  (Dkt. 39.)  As for (4), Apple notes that, despite filing two motions to dismiss in late February, the first time Ericsson raised this issue was in this Joint Case Management Statement.  As such, Apple believes this issue is not in dispute.  Ericsson disagrees on both points.  *See* Reply Br. (Dkt. 47) at 6-8.

### 3.   <u>Legal Issues</u>

Based on the claims asserted in this matter, the principal disputed legal issues in this action are the following:  (1) The proper construction of claim terms in the Patents-in-Suit;[2] and (2) the legal principles under which a royalty should be determined.[3]  In addition, Ericsson believes the following are disputed points of law at issue: (3) whether this Court should exercise its discretion to entertain Apple's claims for declaratory relief, including whether the Court should set a royalty rate for the patents in suit;[4] and (4) other issues raised in Ericsson's pending motions to dismiss, including whether Apple's requested relief will resolve the controversy between the parties or serve a useful purpose, whether Apple's claims were ripe when filed and are justiciable, and whether Apple's claims must be dismissed on *forum non conveniens* grounds (Dkt. 25 & 26).  As to (3) and (4), Apple disputes those issues for the reasons set out in Apple's oppositions to Ericsson's motions to dismiss.  In addition, Apple believes the following is a disputed point of law at issue:  (5) whether Ericsson is precluded from seeking injunctive relief

---

[2] *See Teva Pharma. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831 (2015).

[3] Ericsson contends that *Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201 (Fed. Cir. 2014) is relevant decisional authority in this area.  Apple contends that this issue is only relevant if any of the Patents-in-Suit is found to be infringed.

[4] *See Minn. Min. & Mfg. Co. v. Norton Co.*, 929 F.2d 670, 672-73 (Fed. Cir. 1991).

or exclusion orders against Apple based on the Patents-in-Suit. Ericsson contends that this issue is not presented by the claims in Apple's First Amended Complaint.

Ericsson notes that, because Apple's First Amended Complaint does not challenge the validity or enforceability of the Patents-in-Suit, the validity and enforceability of those patents are not at issue in this case. Apple responds that if Ericsson brings an infringement claim in this case, Apple reserves its right to assert invalidity and unenforceability as a defense.

**4.    Pending Motions and Status of Briefing**

The following motions are pending: (1) Ericsson's Motion to Dismiss for lack of subject matter jurisdiction and under the Court's discretionary authority (Dkt. 25); and (2) Ericsson's Motion to Dismiss on *forum non conveniens* grounds under *Atlantic Marine* (Dkt. 26). Apple opposes both motions for the reasons set out in its opposition briefs (Dkts. 38 & 39). Briefing is complete. The hearing on both motions is currently set for April 15, 2015 at 10:00 AM.

In addition, the following administrative motions to file under seal are pending: (1) Apple Inc.'s Administrative Motion to File First Amended Complaint Under Seal (Dkt. 11); (2) Defendants' Administrative Motion to File Documents Conditionally Under Seal Pursuant to Civil Local Rule 79-5 (Dkt. 24); (3) Apple Inc.'s Administrative Motion to File Apple's Oppositions to Defendants' Motions to Dismiss Under Seal Pursuant to Civil Local Rule 79-5 (Dkt. 37); and (4) Defendants' Administrative Motion to File Reply Papers in Support of Motions to Dismiss Conditionally Under Seal Pursuant to Civil Local Rule 79-5 (Dkt. 45).

The parties anticipate that they may file dispositive motions, including motions for summary judgment, in addition to various other pre-trial motions.

**5.    Amendment of Pleadings**

Ericsson has filed a motion to dismiss, and so has not yet answered Apple's complaint. When Ericsson answers the complaint, it expects to assert a number of defenses and may assert counterclaims. Apple reserves its right to assert defenses and counterclaims-in-reply. The

parties presently do not anticipate that any additional parties will be joined.  The parties include their proposed deadlines for amendments in the schedule included in Section 17 *infra.*

**6.   Evidence Preservation**

Each party represents that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  Each party represents that it has instituted reasonable document retention procedures so as to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

Additionally, the parties have continued to meet and confer regarding the scope of a stipulated ESI order to govern this action.

**7.   Disclosures**

The parties met and conferred pursuant to Rule 26(f) on March 23, 2015, at which time Ericsson made an objection pursuant to Fed. R. Civ. P. 26(a)(1)(C).  Apple's position is that initial disclosures should be served pursuant to Fed. R. Civ. P. 26 by April 20, 2015.  Apple notes that the parties have both already served discovery requests on one another; as such, Ericsson should have no objection to the timely exchange of initial disclosures.

Ericsson's position is that an exchange of disclosures would not be appropriate while Ericsson's motion challenging the jurisdiction of the Court to hear Apple's claims is pending. Ericsson proposes that, if the Court were to deny both of Ericsson's pending motions to dismiss, initial disclosures be served within eight days of the entry of that order.

**8.   Discovery**

     **a.     Discovery Taken to Date**

On March 23, 2015, Apple served a First Set of Requests for Production of Documents and a First Set of Interrogatories.  On March 31, 2015, Ericsson served a First Set of Requests for Production of Documents and a First Set of Interrogatories.

### b.      Discovery Topics, Deadlines, and Phasing

The parties intend to pursue discovery relating to the factual and legal issues raised by the pleadings.  The parties include their proposed discovery deadlines in the schedule included in Section 17 *infra*.  The parties currently do not propose any phasing of fact discovery.

### c.      Limitations or Modification of Discovery Rules

#### i.      Depositions

The parties agree that, absent agreement or leave of Court on a showing of good cause, there will be a seven-hour limit for each expert deposition; provided, however, that each party will have up to seven hours of deposition time with each technical expert for each patent on which the expert provides an opinion, up to a maximum of fourteen hours.

Apple believes that depositions requiring an interpreter should count as half time against the deposition limit.  Ericsson disagrees.

#### ii.      Requests for Admissions

The parties agree to a limit of 100 requests for admissions with respect to substantive matters, absent agreement or leave of Court on a showing of good cause.  However, no limits shall be placed on the number of requests for admission concerning the authenticity of documents.

#### iii.      Expert Work Product

Pursuant to paragraph 17 of the Standing Order for Discovery in Civil Cases Before Judge Donato, the parties propose that counsel need not preserve drafts of expert reports (partial or complete), notes, and other evidence of communications with experts on the subject of the expert's actual or potential testimony.  Further, the parties agree that neither party need produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who work at the direction of the expert to support the expert, or drafts of expert reports.

#### iv.      Service

Pursuant to Fed. R. Civ. P 5(b)(2)(E), the parties agree to service via email in lieu of personal service or service by U.S. Mail.

### d.    Discovery of ESI

The parties understand that the Standing Order for Discovery in Civil Cases Before Judge Donato and the Standing Order for E-Discovery and Email Discovery in Patent Cases Before Judge James Donato apply to this matter.  The parties understand that they are to jointly submit any proposed modifications to the latter by May 15, 2015.

In addition, the parties continue to meet and confer regarding an e-discovery protocol and/or a stipulated e-discovery order to govern this action.

### e.    Protective Order

The parties continue to meet and confer regarding the scope of a protective order to govern this action.

### f.    Privilege and Privilege Logs

The parties propose that they not be required to log Privileged Materials dated after January 12, 2015, the date on which the complaint was filed in this action (the "cut-off date").  In addition, Privileged Materials created by or on behalf of outside litigation counsel and communications with litigation counsel, regardless of their date, do not need to be included on any privilege log.  This does not include materials prepared by or on behalf of the law firms representing the parties in their capacity as prosecution counsel.  The parties reserve the right to request logs of specific kinds of Privileged Materials otherwise excluded by the foregoing where good cause exists.

The parties will continue to meet and confer  as to how further to manage and efficiently prepare privilege logs.  This includes working in good faith to come up with alternatives to an item-by-item privilege log to reduce the burden on the parties while still providing sufficient detail to allow the opposing party to challenge privilege claims.

The parties are continuing to meet and confer regarding a procedure for the assertion of

privilege claims after inadvertent production of privileged material.  In the interim, Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502 shall apply.

**9.    Class Action**

This is not a class action.

**10.    Related Cases**

The following cases and proceedings are currently pending between the parties: *Ericsson, Inc. v. Apple Inc.*, No. 2:15-cv-17 (E.D. Tex. Jan. 14, 2015); *Ericsson Inc. v. Apple Inc.*, Nos. 2:15-cv-287-JRG-RSP, 2:15-cv-288-JRG-RSP, 2:15-cv-289-JRG-RSP, 2:15-cv-290-JRG-RSP, 2:15-cv-291-JRG-RSP, 2:15-cv-292-JRG-RSP, 2:15-cv-293-JRG-RSP (E.D. Tex. Feb. 26, 2015); *Certain Electronic Devices, Including Wireless Communication Devices, Computers, Tablet Computers, Digital Media Players, and Cameras*, 337-TA-___, Dkt. 3060 & *Certain Wireless Standard Compliant Electronic Devices, Including Communication Devices and Tablet* Computers, 337-TA-___, Dkt. 3061 (ITC Feb. 26, 2015).

**11.    Relief and Damages Sought**

Apple seeks Declarations that each of the Patents-in-Suit is not essential to the LTE standard and is not infringed by Apple, through the making, using, offering to sell, sale, or import of Apple's products that support LTE.  As an alternative, for any of the Patents-in-Suit found to be actually essential to the LTE standard and infringed by Apple, Apple seeks a declaration of a FRAND royalty for that patent that (a) uses a royalty base of (at most) the smallest saleable unit substantially embodying the claimed invention and (b) sets a reasonable rate applied to that royalty base that reflects the actual technical contribution to the standard that is attributable to the patent.  In addition, Apple seeks a ruling that Ericsson cannot seek injunctive relief or exclusion orders against Apple based on the Patents-in-Suit, but rather is limited to (at most) FRAND royalties.

Ericsson's position is that the form of patent-by-patent adjudications Apple seeks is neither necessary nor desirable, and that the declarations Apple seeks will not serve a useful

purpose in settling the parties' dispute.  If the Court disagrees, however, then—in light of (1) Apple's statements that it will take a license and pay Ericsson royalties for any of Ericsson's patents that are valid and that Apple is adjudicated to infringe (*e.g.*, FAC ¶ 18), and (2) Apple's decision not to challenge the validity of the Patents-in-Suit—it would be Ericsson's position that Apple must take a license, and would be obligated by the judgment in this case to pay Ericsson royalties, consistent with the Court's judgment concerning past and future infringement.

Apple responds as follows:  As to (1), Apple has asked for a declaratory judgment of a fair, reasonable, and non-discriminatory royalty rate for each of the patents-in-suit found to be essential and infringed; Apple's pleading does not refer to "taking a license."  As to (2), if Ericsson brings an infringement claim in this case, Apple reserves its right to assert invalidity and unenforceability as a defense.

## 12. <u>Settlement and ADR</u>

The parties engaged in private mediation shortly before Apple filed this claim but were unable to resolve their disputes.  Ericsson has proposed that the parties submit their dispute to binding arbitration, most recently on March 4, 2015.[5]  Apple did not accept.  On April 2, 2015 Apple expressed a willingness to explore a different arbitration model that would involve adjudication of particular patents.  Apple contends that royalties cannot be compelled absent proof on the merits (e.g., infringement, validity, enforceability) by Ericsson.  Apple's position is that a patent holder cannot simply claim a right to royalties for a portfolio; it must prove its case on the patent merits before compelling royalties from another party—and that is equally true for Ericsson, which cannot circumvent the merits in demanding royalties from Apple.  Ericsson's position is that its arbitration offer was open-ended; that is, either party would be free to address

---

[5] Ericsson contends that the following decisional authority is relevant on this point:  *Apple Inc. v. Motorola Mobility, Inc.*, No. 11-cv-178-bbc, 2012 WL 7989412, at *6 (W.D. Wisc. Nov. 8, 2012) ("If the parties really wish to resolve this licensing dispute, [binding arbitration] is the obvious solution. … In the end, this seems to be the best way, if not the only way, for the parties to negotiate a rate ….").

the validity or infringement of any of the patents in Ericsson's portfolio. Ericsson contends that Apple's proposal, which would involve patent-by-patent adjudication of only 15 patents, does not resolve the parties' entire dispute over a portfolio comprising thousands of patents, and does not provide a workable framework for resolving this entire dispute on a practical timescale.

Pursuant to ADR L.R. 3-5, the parties discussed Alternative Dispute Resolution and filed ADR Certifications and a Stipulation and Proposed Order Selecting ADR Process on March 25, 2015. The parties selected private mediation to occur by December 11, 2015.

For the reasons stated in Ericsson's pending motion to dismiss, Ericsson does not believe that Apple's claims address the actual dispute between the parties. Therefore, Ericsson does not anticipate that any discovery, motions, or rulings in this case—other than an order granting Ericsson's pending motions to dismiss—will position the parties to negotiate a resolution of their dispute.

**13.    Consent to Magistrate Judge for All Purposes**

The parties do not consent to a Magistrate Judge for all purposes.

**14.    Other References**

As discussed in section 12 above, the parties disagree as to whether binding arbitration is a suitable means to resolve their dispute. The parties agree that the case is not suitable for the other types of references covered by this section.

**15.    Narrowing of Issues**

The parties are continuing to discuss the role of essentiality as an independent issue in this case, but have not yet identified issues that can be narrowed, expedited, or bifurcated.

**16.    Expedited Trial Procedure**

The parties do not believe that this is the type of case that is appropriate for handling under the Expedited Trial Procedure of General Order No. 64.

**17.    Scheduling**

The parties have set forth a proposed schedule in Attachment A.

**18.** **Trial**

Apple has requested a jury trial on all issues triable to a jury, but because Apple's complaint seeks only declaratory relief, there are no such issues currently in the case. The length of the trial will depend on the parties' pre-trial motions and the ability to narrow the issues.

**19.** **Disclosure of Non-Party Interested Entities or Persons**

Pursuant to Civil L.R. 3-15, Apple filed the "Certification of Interested Entities or Persons" on January 12, 2015. (Dkt. 5.) Apple restates that pursuant to Civil L.R. 3-15, as of this date, other than the named parties, Apple has no such interest to report.

Pursuant to Civil L.R. 3-15, Ericsson filed the "Certification of Interested Entities or Persons" on March 11, 2015. (Dkt.36.) Ericsson restates that that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Ericsson Inc. (party), Telefonaktiebolaget LM Ericsson (party), and Ericsson Holding II Inc. (a Delaware corporation, parent of Ericsson Inc. and subsidiary of Telefonaktiebolaget LM Ericsson). Ericsson further notes that Telefonaktiebolaget LM Ericsson is publicly held and trades in the United States through American Depository Receipts under the name LM Ericsson Telephone Company.

**20.** **Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** **Patent-Related Issues Pursuant to Patent Local Rule 2-1(b)**

    **A.** **Format of the Claim Construction Hearing**

The parties presently do not anticipate the need for any live testimony at the claim construction hearing and do not anticipate that the hearing will exceed three hours in duration.

    **B.** **How the Parties Intend to Educate the Court on the Technology at Issue**

The parties request the opportunity to each present a technology tutorial for two hours in

1  duration at a date and time to be set by the Court in advance of the claim construction hearing.

2  Dated: April 8, 2015

3  Respectfully submitted,                    Respectfully submitted,

4

5  APPLE INC.                                  TELEFONAKTIEBOLAGET LM ERICSSON
                                               and ERICSSON, INC.

6  By their attorneys,                         By their attorneys,

7  /s/ *Mark D. Selwyn*                        /s/ *Gregory Stone*

8  WILLIAM F. LEE (admitted *pro hac vice*)    GREGORY P. STONE (Bar No. 78329)
   william.lee@wilmerhale.com                  gregory.stone@mto.com
9  JOSEPH J. MUELLER (admitted *pro hac vice*) STEVEN M. PERRY (Bar No. 106154)
   joseph.mueller@wilmerhale.com               steven.perry@mto.com
10 WILMER CUTLER PICKERING                     BENJAMIN J. HORWICH (Bar No. 249090)
      HALE AND DORR LLP                        ben.horwich@mto.com
11 60 State Street                             MUNGER, TOLLES & OLSON LLP
   Boston, Massachusetts 02109                 355 South Grand Avenue, 35th Floor
12 Telephone: (617) 526-6000                   Los Angeles, California 90071-1560
   Facsimile: (617) 526-5000                   Telephone:    (213) 683-9100
13                                             Facsimile:    (213) 687-3702

14 MARK D. SELWYN (CA SBN 244180)              COURTLAND L. REICHMAN (Bar No.
15 mark.selwyn@wilmerhale.com                  268873)
   WILMER CUTLER PICKERING                     creichman@mckoolsmithhennigan.com
16    HALE AND DORR LLP                        MCKOOL SMITH HENNIGAN, P.C.
   950 Page Mill Road                          255 Shoreline Drive, Suite 510
17 Palo Alto, California 94304                 Redwood Shores, California 94065
   Telephone: (650) 858-6000                   Telephone:    (650) 394-1400
18 Facsimile: (650) 858-6100                   Facsimile:    (650) 394-1422

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION**

2

     I, Mark D. Selwyn, do hereby attest that on April 8, 2015, I obtained the concurrence of

3

counsel for Defendants Telefonaktiebolaget LM Ericsson and Ericsson, Inc., to file this

4

document on behalf of both parties.

5

6

7

Dated: April 8, 2015

8

/s/ *Mark D. Selwyn*

Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT A

## Jointly Agreed Schedule

| Event | Parties' Proposed Deadline |
|---|---|
| Deadline to add parties or amend pleadings as a matter of right | 30 days after the rulings on the motions to dismiss |
| Deadline to complete fact discovery | Tuesday, March 1, 2016 |
| Deadline to seek leave of Court to amend pleadings | Tuesday, March 8, 2016 |
| Initial expert disclosures and reports due | Thursday, April 14, 2016 |
| Rebuttal expert disclosures and reports due | Monday, May 16, 2016 |
| Deadline to complete expert discovery | Friday, June 17, 2016 |
| Dispositive and *Daubert* motions due | TBD after the Court issues a claim construction ruling pursuant to paragraph 14 of the Standing Order for Patent Cases Before Judge James Donato |
| Dispositive motion hearings | TBD after the Court issues a claim construction ruling pursuant to paragraph 14 of the Standing Order for Patent Cases Before Judge James Donato |
| Deadline to meet and confer regarding preparation of joint pretrial materials | Wednesday, August 10, 2016 |
| Deadline to serve motions *in limine* | Wednesday, August 24, 2016 |
| Deadline to serve oppositions to motions *in limine* | Friday, September 2, 2016 |

| Event | Parties' Proposed Deadline |
|---|---|
| Pretrial filings due date (Standing Order for Civil Trials Before Judge James Donato, Section A) <ul><li>Joint Pretrial Statement</li><li>Trial Brief</li><li>Collated motions *in Limine*</li><li>Proposed Jury Instructions</li><li>Voir Dire Questions and Verdict Forms</li><li>Witness List</li><li>Exhibit Lists</li></ul> | Wednesday, September 7, 2016 |
| Final pretrial conference | Wednesday, October 5, 2016 subject to the Court's convenience |
| Commencement of jury trial | Monday, October 17, 2016, subject to the Court's convenience |

**Disputed Items**

### A.     Initial Disclosures

As set forth in section 7 above, the parties disagree when initial disclosures should be served.  Apple proposes that initial disclosures be served within 5 days of the Case Management Conference (*i.e.*, by April 20, 2015).  Ericsson proposes that, if the Court denies Ericsson's pending motions to dismiss, initial disclosures be served within eight days of the entry of that order.

### B.     Patent Local Rules Deadlines

The parties disagree as to when the first event under the Patent Local Rules should occur, but are in agreement that all other deadlines follow from that under the Patent Local Rules.

### **Apple's Position**

Apple proposes that Ericsson serve Infringement Contentions and accompanying documents 14 days after the Case Management Conference (*i.e.*, by April 29, 2015), pursuant to Patent L.R. 3-1 and 3-2.

Although Ericsson contends that it is not currently a "party claiming patent infringement" within the meaning of Patent L.R. 3-1, the burden of proving infringement remains with the patentee, even in an action by another party seeking declaratory judgment of non-infringement. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849-50 (2014); *see also id.* at 846 ("We hold that, when a licensee seeks a declaratory judgment against a patentee to establish that there is no infringement, the burden of proving infringement remains with the patentee."). This is the law even where, as in *Medtronic*, the patentee is foreclosed from asserting an infringement counterclaim. *See id.* at 851. Since the burden of proving infringement remains on Ericsson—just as it would be had Ericsson brought an infringement suit—it is appropriate for Ericsson to serve its Infringement Contentions by the deadline set forth Patent L.R. 3-1 (i.e., "[n]ot later than 14 days after the Initial Case Management Conference"). Thereafter, the deadlines follow under the Patent Local Rules.

The below chart illustrates Apple's proposed schedule pursuant to the Patent Local Rules:

| Event | Apple's Proposed Deadline |
|---|---|
| Ericsson's Infringement Contentions and accompanying document production due (Patent L.R. 3-1 and 3-2) | April 29, 2015 |
| Apple's Invalidity Contentions and accompanying document production due (Patent L.R. 3-3 and 3-4) (to the extent Apple raises invalidity defenses to any infringement claim by Ericsson) | June 15, 2015 |
| Parties exchange proposed claim terms for construction (Patent L.R. 4-1) | June 29, 2015 |
| Parties exchange proposed constructions for the identified claim terms and identify all supporting evidence and experts (Patent L.R. 4.2) | July 20, 2015 |
| Joint Claim Construction and Prehearing Statement due (Patent L.R. 4-3) | August 14, 2015 |
| Deadline to complete all discovery related to claim construction (Patent L.R. 4-4) | September 14, 2015 |

| Event | Apple's Proposed Deadline |
|---|---|
| Ericsson's opening claim construction brief due (Patent L.R. 4-5(a)) | September 28, 2015 |
| Apple's responsive claim construction brief due (Patent L.R. 4-5(b)) | October 12, 2015 |
| Ericsson's reply claim construction brief due (Patent L.R. 4-5(c)) | October 19, 2015 |
| Amended, final Joint Claim Construction Statement due | Same date as above |
| Claim construction tutorial | To be scheduled by the Court pursuant to the Standing Order for Patent Cases Before Judge James Donato |
| Claim construction hearing (Patent L.R. 4-6) | November 12, 2015, subject to the Court's convenience |
| Deadline for disclosure of materials associated with any opinion of counsel upon which the party intends to rely (Patent L.R. 3-7) | 50 days after Court issues claim construction ruling |

**Ericsson's Position**

Ericsson has moved to dismiss Apple's claims for lack of subject matter jurisdiction and *forum non conveniens*.  Those motions are pending and Ericsson has not answered the complaint or counterclaimed.  Thus, Ericsson is not currently a "party claiming patent infringement" within the meaning of Patent L.R. 3-1.  Nor is validity at issue in this action.  Thus, Apple's position that the parties proceed to infringement and invalidity contentions is premature.

If the Court denies Ericsson's motions, and if Ericsson's answer includes counterclaims for infringement, Ericsson will at that point be a "party claiming patent infringement," and Ericsson proposes that it would serve its Patent Local Rule 3-1 and 3-2 Infringement Contentions and documents no later than 14 days after Apple answers Ericsson's counterclaims.  *Cf. Asustek Computer Inc. v. Ricoh Co. Ltd.*, 2007 WL 4190689, at *4  (N.D. Cal. Nov. 21, 2007) (where

infringement counterclaims filed after case management conference, patentee ordered to make Patent L.R. 3-1 disclosures within 10 days of the order, under prior version of local rules). Thereafter, deadlines follow under the Patent Local Rules.  (Thus, each deadline in Apple's proposed chart would simply shift by the same amount.)

If Ericsson's answer does not include counterclaims for infringement, Ericsson contends that under the plain text of the Patent Local Rules, the parties proceed directly to the exchange proposed terms for construction 14 days after Ericsson serves its answer, pursuant to Patent L.R. 4-1(a) ("[I]n all cases in which a party files a complaint or other pleading seeking a declaratory judgment not based on validity, not later than 14 days after the defendant serves an answer that does not assert a claim for patent infringement (and Patent L.R. 3-1 does not apply), each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court …").  Thereafter, the deadlines follow under the Patent Local Rules. (Thus, the parties would proceed directly to the third item in Apple's proposed chart, the deadline for which would be advanced to 14 days after Ericsson's answer.)