UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APPLE INC.,

        Plaintiff,

    v.

TELEFONAKTIEBOLAGET LM
ERICSSON, INC., et al.,

        Defendants.

Case No.  15-cv-00154-JD

**ORDER DENYING MOTIONS TO
DISMISS**

Re: Dkt. Nos. 25, 26

Plaintiff Apple Inc. ("Apple") filed this suit against defendants Telefonaktiebolaget LM
Ericsson and Ericsson Inc. (collectively, "Ericsson"), seeking declaratory judgment on seven
patents held by Ericsson.  Apple alleges that Ericsson has declared these patents to be "essential"
to the "Long Term Evolution" ("LTE") standard for wireless communications and that Apple's
products supporting that standard infringe Ericsson's patents.  Apple asks this Court to declare that
these seven patents are not, in fact, essential to the LTE standard and are not infringed by Apple's
LTE products.  Alternatively, Apple asks that "if any of these specific patents are actually
essential to LTE and infringed by Apple," the Court issue declaratory judgments setting
reasonable royalties.  Dkt. No. 11-4.

Ericsson moves to dismiss for lack of subject matter jurisdiction under Federal Rule of
Civil Procedure 12(b)(1) (the "12(b)(1) motion") on the argument that Apple's complaint fails to
raise a justiciable case or controversy.  Dkt. No. 25.  It also moves separately to dismiss on forum
non conveniens grounds.  Dkt. No. 26.  The Court denies both motions.

**DISCUSSION**

**I.   12(B)(1) MOTION**

For the 12(b)(1) motion, Ericsson does not seriously deny that a definite and concrete
dispute exists with Apple.  Rather, Ericsson's main contention in its briefs and at oral argument is

1    that Apple's complaint is an inconsequential drop in the ocean that divides the parties.  In

2    Ericsson's view, Apple's claims are a fraction of the issues at stake and this case will not come

3    close to resolving the larger dispute between the parties.  Ericsson puts this argument forward as

4    both a reason why the Court lacks subject matter jurisdiction in the first instance, *see*, *e.g.*, Dkt.

5    No. 25 at 8 ("This Court lacks subject matter jurisdiction because the portfolio-wide

6    "'controversy' actually at stake' would not be 'completely resolved by the declaratory

7    judgment[s]' Apple requests about particular patents"), as well as a reason why even if Apple's

8    claims were justiciable, the Court should not exercise its discretion to entertain them, *see id*. at 12

9    (the Court "should not entertain a declaratory judgment claim that will not 'serve a useful purpose'

10    and 'terminate' the parties' controversy").

11        The essence of Ericsson's argument is that "the parties' actual controversy concerns not

12    just these seven patents but rather Ericsson's *entire portfolio* of patents essential to the 2G, 3G,

13    and 4G/LTE standards."  *See id*. at 14 (emphasis by Ericsson); *see also id*. at 7 (asserting that the

14    "controversy actually at stake" between the parties is a dispute "not about the seven hand-picked

15    patents in Apple's complaint, but rather about the terms (particularly the royalty rate) on which

16    Apple will take a license to Ericsson's portfolio of standard-essential patents").  Ericsson believes

17    that the Court should take into account what Ericsson sees as a business reality -- that Apple is

18    going to have to take a license to Ericsson's LTE-essential patents (of which Ericsson claims there

19    are several hundreds) on a portfolio-wide basis -- and should therefore dismiss this suit as non-

20    justiciable.

21        But neither of the two cases Ericsson relies on, or any other case for that matter, supports

22    Ericsson's position.  Ericsson draws heavily on *Calderon v. Ashmus*, 523 U.S. 740 (1998).  In that

23    case, a class action filed by state prisoners against California officials, the Supreme Court found

24    that "the underlying 'controversy' between petitioners and respondent is whether respondent is

25    entitled to federal habeas relief setting aside his sentence or conviction obtained in the California

26    courts."  523 U.S. at 746.  The Court held that the Article III "case or controversy" requirement

27    was not met where respondent had "carved out of that claim only the question whether, when he

28    sought habeas relief, California would be governed by Chapter 153 or by Chapter 154 [of 28

United States District Court
Northern District of California

2

U.S.C., part of the Antiterrorism and Effective Death Penalty Act of 1996, governing procedural rules for federal habeas proceedings] in defending the action." *Id.* at 746.

Apple's complaint here poses no similar dissection of a claim.  Among other relief, Apple seeks a declaration of non-infringement of seven patents that Ericsson alleges Apple products infringe.  Even if the "actual controversy" were framed as Ericsson sees it -- namely that the dispute is only about "the terms (particularly the royalty rate) on which Apple will take a license to Ericsson's portfolio of standard-essential patents" -- Ericsson states a partial presentation of a business dispute, not the carving up of a legal claim.  And Ericsson notably uses the word "will," not "must."  This is because unlike the habeas relief in *Ashmus*, there exists no legal basis upon which Apple may be compelled to take a license for Ericsson's patents on a portfolio-wide basis, as much as Ericsson may be able to point to business realities that make such an outcome unlikely, imprudent or uneconomical on Apple's part.

Ericsson's reliance on *Minnesota Mining and Manufacturing Co. v. Norton Company*, 929 F.2d 670 (Fed. Cir. 1991) ("3M") is equally inapposite.  There, Norton's argument that "there was no justiciable controversy" was not even "before the [Federal Circuit] on appeal."  929 F.2d at 672 n.3.  More substantively, the Federal Circuit in that case concluded that the district court had abused its discretion by taking an action similar to that requested by Ericsson here -- *i.e.*, dismissing 3M's declaratory judgment action where "Norton has threatened 3M and its customers with the prospect of infringement liability" and "[a]s 3M continues to sell products it believes do not infringe, its potential liability grows."  *Id.* at 673.  The "useful purpose" language Ericsson has plucked from that case does not suggest that the Court should or can ask whether the requested declaratory judgment in this case will resolve every single possible controversy, whether business or legal in nature, between the parties.  Rather, the case supports the view that jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, exists, and the district court abuses its discretion in not exercising that jurisdiction, when, as here, the declaratory judgment seeker has "been making significant use of" the patented process, and the patent holder has made threats of bringing "suits for patent infringement."  *Id.* at 675.

3

1   Ericsson's argument meets its ultimate demise in the Supreme Court's landmark holding

2   on declaratory judgment in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).  In that

3   case, which involved a patent dispute like this one, the Supreme Court concluded that "petitioner

4   was not required, insofar as Article III is concerned, to break or terminate its 1997 license

5   agreement before seeking a declaratory judgment in federal court that the underlying patent is

6   invalid, unenforceable, or not infringed."  549 U.S. at 137.  Instead, the Court held that the

7   requirements for a district court to have jurisdiction over a declaratory judgment action are only

8   that:

9   > the dispute be definite and concrete, touching the legal relations of
    > parties having adverse legal interests; and that it be real and

10  > substantial and admit of specific relief through a decree of a
    > conclusive character, as distinguished from an opinion advising

11  > what the law would be upon a hypothetical state of facts.  Basically,
    > the question in each case is whether the facts alleged, under all the

12  > circumstances, show that there is a substantial controversy, between
    > parties having adverse legal interests, of sufficient immediacy and

13  > reality to warrant the issuance of a declaratory judgment.

14  *Id*. at 127 (internal citations and quotations omitted).[1]

15  These requirements are amply met here.  Apple alleges that Ericsson holds several

16  hundreds of patents, including the seven patents Apple has placed at issue here, all of which

17  Ericsson has declared to be "essential" to the LTE standard.  Apple makes many products that

18  support, or practice, the LTE standard.  There is no current license agreement between the parties

19  relating to these patents.  Ericsson has accused Apple of infringing its LTE-essential patents

20  (which the parties do not dispute include the seven patents at issue in this suit) by making Apple's

21  LTE products (which are known and identifiable as such).  Apple wishes to know if the seven

22  patents it has identified in this suit -- and which Ericsson has previously sued Apple's competitor

23  for infringing -- really are essential to the LTE standard and if Apple is infringing them.  These

24

25

26

27

28

---

[1] In *MedImmune*, the Court also explained that *Ashmus* "simply holds that a litigant may not use a declaratory-judgment action to obtain piecemeal adjudication of defenses that *would not finally and conclusively resolve* the underlying controversy.  That is, of course, not the case here."  549 U.S. at 127 n.7 (emphasis in original).  The same statement applies here.

1    facts are enough to confer jurisdiction on this Court, and Ericsson has identified no grounds on

2    which the Court can or should decline to exercise this jurisdiction.[2]

3         In *Micron Technology, Inc v. Mosaid Technologies, Inc.*, 518 F.3d 897, 903 (Fed. Cir.

4    2008), the Federal Circuit directed that "in cases such as this with competing forum interests, the

5    trial court . . . consider the 'convenience factors' found in a transfer analysis under 28 U.S.C.

6    § 1404(a)."  As Apple has pointed out, key third parties such as Qualcomm are located in this

7    district, as are the documents and source code relating to the accused infringer's (*i.e.*, Apple's)

8    products.  Dkt. No. 38 at 14-15.  Consideration of those factors, too, consequently weighs in favor

9    of the Court exercising its jurisdiction in this case.

10   **II.  FORUM NON CONVENIENS MOTION**

11        Ericsson's forum non conveniens motion is premised on a similarly-worded forum

12   selection clause that is contained in both a (now-expired) license agreement and a non-disclosure

13   agreement ("NDA") between the parties.  *See* Dkt. No. 26 at 5.

14        At oral argument, Ericsson focused on the NDA and not the license agreement, but neither

15   supports dismissal.  The Court finds that this action does not fall within the scope of the forum

16   selection clause in the license agreement because it cannot be said to "arise under or in connection

17   with" that agreement.  Although Ericsson contends that there is a dispute regarding the

18   "interpretation of" that agreement, Dkt. No. 47 at 6, that is not the case.  While there may be a

19   dispute over whether a particular provision in the license agreement (Paragraph 2.4) can be

20   *characterized* as an "affirmative act" under the case law discussing the boundaries of a court's

21   jurisdiction under the Declaratory Judgment Act, that does not make for an *interpretational*

22   dispute.  The Court finds there is not a "genuine 'dispute[] regarding interpretation or

23

24

25   ---

     [2] Ericsson also makes a ripeness argument on the basis that Apple commenced this lawsuit two
26   days before the expiration of the parties' previous license agreement (which did not include a
     license to the seven patents at issue here in any event).  But the Court finds this argument
27   unavailing based on the Supreme Court's clear rejection in *MedImmune* of the Federal Circuit's
     previous "reasonable apprehension of suit" test.  *See* 549 U.S. at 132 n.11; *see also SanDisk Corp.
     v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007) ("The Supreme Court's opinion
28   in *MedImmune* represents a rejection of our reasonable apprehension of suit test.").

United States District Court
Northern District of California

1    performance' of the License Agreement" that would trigger the application of the forum selection

2    clause in that agreement.  Dkt. No. 47 at 7.

3            The alleged NDA issue, too, is not enough to require the dismissal or transfer of this entire

4    action.  Although Ericsson has identified some possible disputes that may exist between the parties

5    that relate to the NDA -- *i.e.*, whether Ericsson has breached the NDA and if so, what remedies

6    Apple may be entitled to, *see* Dkt. No. 47 at 8 -- those disputes are not presented to this Court for

7    decision by Apple's first amended complaint.  *See* Dkt. No. 11-4.  Apple does refer to Ericsson's

8    alleged breach of the NDA in that complaint, but only by way of explaining why it is belatedly

9    adding certain new allegations in the amended complaint.  *Id*. at ¶¶ 15-19.  Tangentially

10   mentioning these issues as background information does not bring the entirety of this action under

11   the scope of the forum selection clause in the NDA.

12           Ericsson cites *Atlantic Marine Construction Company, Inc. v. United States District Court*,

13   134 S.Ct. 568 (2013), but there was no dispute in that case about the applicability of the forum

14   selection clause.  The Court finds that case to be inapposite for that reason, and concludes that

15   dismissal under the forum non conveniens doctrine is neither warranted nor justifiable.

                                          **CONCLUSION**

17           The Court denies both motions to dismiss.  Dkt. Nos. 25, 26.  Jurisdiction is proper here,

18   under Article III of the U.S. Constitution and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

19   The Court finds no basis upon which to exercise its discretion not to hear this action, nor does the

20   Court find a basis to dismiss the action in favor of another forum.  The case before this Court will

21   proceed.

22           **IT IS SO ORDERED.**

23   Dated:  April 20, 2015

24

25   _____

26   JAMES DONATO
     United States District Judge

27

28

United States District Court
Northern District of California

6