WILLIAM F. LEE (admitted *pro hac vice*)
william.lee@wilmerhale.com
JOSEPH J. MUELLER (admitted *pro hac vice*)
joseph.mueller@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
CHRISTINE E. DUH (CA SBN 228544)
christine.duh@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>             Plaintiff,<br><br>       v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON, a Swedish Corporation, and ERICSSON, INC., a Delaware Corporation,<br><br>             Defendants. | Case No. 3:15-cv-00154-JD<br><br>**DECLARATION OF CHRISTINE DUH IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE ERICSSON'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS UNDER SEAL PURSUANT TO CIVIL L.R. 79-5**<br><br>Judge:      Hon. James Donato |

I, Christine Duh, do hereby declare as follows:

1. I am an attorney at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Apple Inc. ("Apple") in the above-captioned litigation. I am licensed to practice law in the State of California and am admitted to practice before the U.S. District Court for the Northern District of California. I am familiar with the facts set forth herein and, if called as a witness, I could and would testify competently to those facts under oath.

2. Defendants Telefonaktiebolaget LM Ericsson and Ericsson, Inc. (collectively, "Defendants") have sought to file conditionally under seal certain highlighted portions of Ericsson's Answer to First Amended Complaint for Declaratory Judgment and Counterclaims ("Answer and Counterclaims"). (D.I. 68.) Defendants state that they do not support sealing any of the highlighted portions.

3. The highlighted portions of the Answer and Counterclaims quote or disclose the confidential terms and conditions of a license agreement between Apple and Telefonaktiebolaget LM Ericsson ("Ericsson") ("License Agreement"). As stated in the Declaration of Jeff Risher in Support of Defendants' Administrative Motion to File Reply Papers Under Seal Pursuant to Civil Local Rule 79-5 (D.I. 51) ("Risher Decl."), the terms and conditions of the License Agreement are subject to a confidentiality clause within the License Agreement. *See* Risher Decl., ¶ 3 (citing License Agreement, ¶ 17).

4. As stated in the Risher Declaration, Apple generally considers the terms and conditions of its license agreements with third parties to be highly confidential. *See* Risher Decl., ¶ 4. These agreements are highly confidential within Apple business and can only be accessed by employees on a need-to-know basis. *Id.*

5. As stated in the Risher Declaration, the disclosure of the confidential terms and conditions of its license agreements with third parties would be harmful to Apple. *See* Risher Decl., ¶ 5. For example, pre-existing knowledge of these terms by third parties would put Apple at a competitive disadvantage in future licensing negotiations with prospective licensing partners. *Id.*

6. Apple seeks to seal portions of Defendants' Answer and Counterclaims; thus, the

2
Duh Decl. in Support of Defendants' Adm. Motion to File Under Seal
3:15-cv-00154-JD

ActiveUS 143574835v.1

"compelling reasons" standard likely applies. *See In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013) ("The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but this Court and other courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit."). *Cf. Koninklijke Philips N.V., et al. v. Elec-Tech Int'l Co., Ltd., et al.*, Case No. 14-cv-02737-BLF, 2015 WL 581574, *1 (N.D. Cal. Feb. 10, 2015) (finding that requests to seal contracts regarding terms and conditions of employment, as well as information regarding non-public recruitment efforts and business practices, met the "compelling reasons" standard). The Ninth Circuit has recognized that the potential release of trade secret information is a "compelling reason[]" that outweighs the public's interest in access to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Courts in this District have allowed parties to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" of license agreements because such information falls within the definition of "trade secrets." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, Case No. 11-cv-1846, 2012 WL 3283478, at *6 (N.D. Cal. Aug. 9, 2012) (citing *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)), *rev'd on other grounds*, 727 F.3d 1214 (Fed. Cir. 2013); *see also Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd*, No. 14-CV-01637-JD, 2014 WL 2758756, at *2-3 (N.D. Cal. June 17, 2014) (granting sealing of "highly confidential and sensitive financial and other terms of licenses"). Disclosure of such information "could result in significant competitive harm to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations." *Apple*, 2012 WL 3283478, at *7.

7.  Defendants' proposed redactions are narrowly tailored to include only the highly confidential terms and conditions of the License Agreement between Apple and Ericsson. This Court previously granted Apple's request to seal similar information. (See D.I. 63.)

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this Declaration was executed this 7th day of May 2015, at Palo Alto, California.

Dated: May 7, 2015              By:   /s/ Christine Duh
                                      Christine Duh