| | |
|---|---|
| GREGORY STONE (Bar No. 78329) | MIKE MCKOOL, JR. (*pro hac vice*) |
| gregory.stone@mto.com | mmckool@mckoolsmith.com |
| STEVEN PERRY (Bar No. 106154) | DOUGLAS CAWLEY (*pro hac vice*) |
| steven.perry@mto.com | dcawley@mckoolsmith.com |
| BENJAMIN HORWICH (Bar No. 249090) | MCKOOL SMITH HENNIGAN, P.C. |
| ben.horwich@mto.com | 300 Crescent Court, Suite 1500 |
| ZACHARY BRIERS (Bar No. 287984) | Dallas, Texas 75201 |
| zachary.briers@mto.com | Telephone:    (214) 978-1000 |
| MUNGER, TOLLES & OLSON LLP | Facsimile:    (214) 978-4044 |
| 355 South Grand Avenue, 35th Floor | |
| Los Angeles, California 90071-1560 | *Attorneys for Ericsson Inc. and* |
| Telephone:    (213) 683-9100 | *Telefonaktiebolaget LM Ericsson* |
| Facsimile:    (213) 687-3702 | |

COURTLAND REICHMAN (Bar No. 268873)
creichman@mckoolsmithhennigan.com
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone:    (650) 394-1400
Facsimile:    (650) 394-1422

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., | Case No. 3:15-cv-00154 JD |
| Plaintiff-Counterdefendant, | **DECLARATION OF PETER A. DETRE IN SUPPORT OF DEFENDANTS-COUNTERCLAIMANTS' MOTION TO CHANGE DATE OF INITIAL NARROWING OF ASSERTED CLAIMS** |
| vs. | |
| TELEFONAKTIEBOLAGET LM ERICSSON, and ERICSSON, INC., | |
| Defendants-Counterclaimants. | Judge:   Hon. James Donato |

I, Peter A. Detre, declare as follows:

1. I am an attorney with the law firm of Munger Tolles & Olson LLP, counsel of record for defendants-counterclaimants Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively referred to as "Ericsson") in this action. I make this declaration of my own personal knowledge, and, if called to do so, could and would testify competently to the facts stated herein.

2. Attached hereto as Exhibit A is a true and correct copy of the Model Order Limiting Excess Patent Claims and Prior Art prepared by the Federal Circuit Advisory Council. The Model Order was temporarily posted on the Federal Circuit's website and is currently available at https://www.docketnavigator.com/images/FinalModelOrderLimitingExcessPatentClaimsAndPriorArt.pdf.

3. Attached hereto as Exhibit B is a true and correct copy of the Eastern District of Texas's General Order Adopting Model Order Focusing Patent Claims and Prior Art to Reduce Costs (General Order 13-20), available at http://www.txed.uscourts.gov/page1.shtml?byYear=2013&location=general.

4. Attached hereto as Exhibit C is a true and correct copy of excerpts from Apple Inc.'s Objections and Responses to Ericsson's First Set of Requests for Production of Documents and Things (Nos. 1-53), including Apple's Responses to Requests for Production Nos. 3 and 16. In those responses, Apple objected to producing any information regarding the operation of the accused products prior to its production of documents accompanying its invalidity contentions on June 29, 2015, pursuant to Patent Local Rule 3-4(a).

5. Attached hereto as Exhibit D is a true and correct copy of excerpts from Apple's Objections and Responses to Ericsson's First Set of Interrogatories (Nos. 1-11), including Apple's response to Interrogatory No. 11. In that response, Apple took the position that whether the accused products practice the portions of the LTE standard identified by Ericsson requires a comparison of the standard provisions at issue with specific information about the operation of the accused products, information that, thus far, Apple has not produced.

6. On May 12, 2015, I spoke with counsel for Apple regarding the subject of Ericsson's Motion to Change Date of Initial Narrowing of Asserted Claims, explained Ericsson's position, and inquired whether Apple would be willing to stipulate to an adjustment of the case schedule as requested in Ericsson's motion.  The following day, I received an e-mail from Apple's counsel, a true and correct copy of which is attached hereto as Exhibit E, stating that Apple "would oppose any motion to change the dates ordered by the Court for the first narrowing of asserted claims and prior art."

7. On May 14, 2015, Ericsson served its Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent Local Rule 3-1 and this Court's Case Management and Scheduling Order, asserting that the accused products infringe 77 claims of the seven patents-in-suit.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on May 21, 2015, in San Francisco, California.

                                                        */s/ Peter A. Detre*
                                                        Peter A. Detre