# Detre Decl. Ex. C

| | |
|---|---|
| 1 | WILLIAM F. LEE (admitted *pro hac vice*) |
| | william.lee@wilmerhale.com |
| 2 | JOSEPH J. MUELLER (admitted *pro hac vice*) |
| | joseph.mueller@wilmerhale.com |
| 3 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| 4 | 60 State Street |
| | Boston, Massachusetts  02109 |
| 5 | Telephone:  (617) 526-6000 |
| | Facsimile:  (617) 526-5000 |
| 6 | |
| | MARK D. SELWYN (CA SBN 244180) |
| 7 | mark.selwyn@wilmerhale.com |
| | CHRISTINE E. DUH (CA SBN 228544) |
| 8 | christine.duh@wilmerhale.com |
| | WILMER CUTLER PICKERING |
| 9 | HALE AND DORR LLP |
| | 950 Page Mill Road |
| 10 | Palo Alto, California  94304 |
| | Telephone:  (650) 858-6000 |
| 11 | Facsimile:  (650) 858-6100 |
| 12 | *Attorneys for Plaintiff Apple Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California Corporation, | Case No. 3:15-cv-00154-JD |
| Plaintiff, | **APPLE INC.'S OBJECTIONS AND RESPONSES TO ERICSSON'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-53)** |
| v. | |
| TELEFONAKTIEBOLAGET LM ERICSSON, a Swedish Corporation, and ERICSSON, INC., a Delaware Corporation, | |
| | Judge:  Hon. James Donato |
| Defendants. | |

1 attorney-client privilege, attorney work product doctrine, or any other applicable privilege,
2 doctrine, or immunity.
3      Subject to and without waiver of these and the foregoing General Objections, Apple will
4 produce non-privileged documents referencing the Patents-in-Suit to the extent such documents
5 can be located after a reasonable search.
6 **REQUEST FOR PRODUCTION NO. 2:**
7      Documents sufficient to identify each of Your LTE Products by all of its names,
8 numbers, part numbers, model numbers or other distinctive designations, whether used internally
9 or publicly.
10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
11      Apple incorporates its General Objections above as if set forth in full herein.  Apple
12 further objects to the term "distinctive designations" as vague and ambiguous.  Apple further
13 objects to this Request to the extent it seeks documents that are publicly available.
14      Subject to and without waiver of these and the foregoing General Objections, Apple will
15 produce non-privileged documents sufficient to identify each of Apple's LTE Products by name
16 and model number to the extent such documents can be located after a reasonable search.  In
17 addition, Apple has provided Ericsson information responsive to this Request in response to
18 Ericsson's Interrogatory No. 2.
19 **REQUEST FOR PRODUCTION NO. 3:**
20      All documents relating to whether Your LTE Products infringe any claim of any of the
21 Patents-in-Suit, including without limitation all analyses, models, tests, and other studies related
22 to whether Your LTE Products practice any claim of any of the Patents-in-Suit.
23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
24      Apple incorporates its General Objections above as if set forth in full herein.  Apple
25 objects to this Request to the extent that it purports to require the production of documents and
26 things protected from disclosure by the attorney-client privilege, attorney work product doctrine,
27 or any other applicable privilege, doctrine, or immunity.  Apple further objects to this Request to
28

the extent that it does not define the scope of the responsive documents with reasonable particularity but instead requires a legal conclusion to determine the scope of the responsive documents.  Apple also objects to this Request as premature to the extent it calls for documents (e.g., tests) to be prepared by experts in connection with their reports and opinions.  Apple also objects to this Request as vague, ambiguous, and premature because Ericsson has not served its infringement contentions under Patent Local Rule 3-1.

Subject to and without waiver of these and the foregoing General Objections, pursuant to Patent Local Rule 3-4(a), Apple will produce on June 29, 2015 source code, specifications, schematics, or other documents sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by Ericsson in its Patent L.R. 3-1(c) chart.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to when You first obtained notice of the Patents-in-Suit, including without limitation all documents reflecting when Apple first became aware of each of the Patents-in-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Apple incorporates its General Objections above as if set forth in full herein.  Apple objects to the term "relating" as vague and ambiguous because it fails to describe the scope of the documents requested with reasonable particularity and renders the request overly broad and unduly burdensome.  Because of the vagueness of the term "relating," this Request potentially seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Apple further objects to this Request to the extent that it purports to require the production of documents and things protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, doctrine, or immunity.  Apple further objects to this Request to the extent that it calls for a legal conclusion to determine what constitutes "notice" of the Patents in Suit.

Subject to and without waiver of these and the foregoing General Objections, Apple will produce non-privileged documents sufficient to show when Apple first became aware of the

1 admissible evidence because Ericsson has made no claim for damages, *see* Defendants' Rule 26(a)(1) Initial Disclosures, at 6, and, in any event, "Benchmark Products" are defined as those that do not support LTE.

**REQUEST FOR PRODUCTION NO. 15:**

All documents reflecting, analyzing or describing the portions of Your LTE Products that implement the functionality set forth in the LTE Standard.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Apple incorporates its General Objections above as if set forth in full herein. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents related to all aspects of the LTE standard and is not limited to those aspects to be identified by Ericsson in its Patent L.R. 3-1(c) chart.

Subject to and without waiver of these and the foregoing General Objections, pursuant to Patent Local Rule 3-4(a), Apple will produce on June 29, 2015 source code, specifications, schematics, or other documents sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by Ericsson in its Patent L.R. 3-1(c) chart.

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting, analyzing or describing Your LTE Products' compliance with, support of, or compatibility with, the LTE Standard.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Apple incorporates its General Objections above as if set forth in full herein. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents related to all aspects of the LTE standard and is not limited to those aspects to be identified by Ericsson in its Patent L.R. 3-1(c) chart.

Subject to and without waiver of these and the foregoing General Objections, pursuant to Patent Local Rule 3-4(a), Apple will produce on June 29, 2015 source code, specifications,

schematics, or other documents sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by Ericsson in its Patent L.R. 3-1(c) chart.

**REQUEST FOR PRODUCTION NO. 17:**

All documents reflecting, analyzing or assessing the value of Your LTE Products, including without limitation studies or analyses of the appropriate retail price for Your LTE Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Apple incorporates its General Objections above as if set forth in full herein. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Ericsson has made no claim for damages. *See* Defendants' Rule 26(a)(1) Initial Disclosures, at 6. Apple further objects to the phrases "reflecting, analyzing, or assessing," "the value," and "the appropriate retail price" as vague and ambiguous.

Subject to and without waiver of these and the foregoing General Objections, Apple responds as follows: Apple does not allocate "value" to its products based on LTE interoperability. If Ericsson asserts a counterclaim for infringement and seeks damages, Apple will produce non-privileged documents sufficient to show pricing, unit sales, and revenues for the accused products to the extent such documents can be located after a reasonable search..

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to the value and/or importance of compliance with, and/or support of the, the LTE Standard to Your LTE Products, including without limitation all documents reflecting, analyzing or assessing the value and/or importance of Your LTE Products' ability to comply with, and/or support, the LTE Standard.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Apple incorporates its General Objections above as if set forth in full herein. Apple objects to this Request on the grounds that it is overly broad and unduly burdensome, and seeks

of Apple's control and/or otherwise publically available.  Apple further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of third parties.

Subject to and without waiver of these and the foregoing General Objections, Apple will produce non-privileged documents pertaining to industry customs for licensing patents claimed to be Essential to the LTE Standard to the extent such documents can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 53:**

All documents related to any submission, filing, or communication by or between Apple and 3GPP or ETSI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Apple incorporates its General Objections above as if set forth in full herein.  Apple objects to the term "related to" as vague and ambiguous because it fails to describe the scope of the documents requested with reasonable particularity and renders the Request overly broad and unduly burdensome.  Because of the vagueness of the term "related to," this Request potentially seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Apple also objects to this Request to the extent it seeks documents outside of Apple's control and/or otherwise publicly available.  Apple further objects to this Request to the extent it seeks confidential, proprietary, or trade secret information of third parties

Subject to and without waiver of these and the foregoing General Objections, Apple will produce its communications with ETSI and 3GPP with respect to the IPR disclosures practices, policies, or procedures of ETSI and 3GPP to the extent such documents can be located after a reasonable search..

Dated:  April 30, 2015       WILMER CUTLER PICKERING
                                             HALE AND DORR LLP

*/s/ Mark D. Selwyn*
Mark D. Selwyn

*Attorneys for Plaintiff Apple Inc.*