# Detre Decl. Ex. D

1  WILLIAM F. LEE (admitted *pro hac vice*)
     william.lee@wilmerhale.com
2  JOSEPH J. MUELLER (admitted *pro hac vice*)
     joseph.mueller@wilmerhale.com
3  WILMER CUTLER PICKERING
     HALE AND DORR LLP
4  60 State Street
   Boston, Massachusetts  02109
5  Telephone:  (617) 526-6000
   Facsimile:  (617) 526-5000
6
   MARK D. SELWYN (CA SBN 244180)
7    mark.selwyn@wilmerhale.com
   CHRISTINE E. DUH (CA SBN 228544)
8    christine.duh@wilmerhale.com
   WILMER CUTLER PICKERING
9    HALE AND DORR LLP
   950 Page Mill Road
10 Palo Alto, California  94304
   Telephone:  (650) 858-6000
11 Facsimile:  (650) 858-6100

12 *Attorneys for Plaintiff Apple Inc.*

13

14                    UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16
   APPLE INC., a California Corporation,       | Case No. 3:15-cv-00154-JD
17
                      Plaintiff,               | **APPLE INC.'S OBJECTIONS AND
18                                             | RESPONSES TO ERICSSON'S FIRST
         v.                                    | SET OF INTERROGATORIES
19                                             | (NOS. 1-11)**
   TELEFONAKTIEBOLAGET LM ERICSSON,            |
20 a Swedish Corporation, and ERICSSON, INC.,  | Judge:  Hon. James Donato
   a Delaware Corporation,
21
                      Defendants.
22

23

24           <mark>**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**</mark>

25                         **REDACTED VERSION**

26

27

28

1  information that is neither relevant nor reasonably calculated to lead to the discovery of

2  admissible evidence, including without limitation to the extent it seeks information regarding

3  "every individual" with knowledge regarding "all bases."  Apple further objects to this

4  interrogatory on the grounds that it seeks information protected from disclosure by the attorney-

5  client privilege, work product doctrine, or other applicable privilege or immunity against

6  disclosure.  Apple further objects to this interrogatory as premature and improper to the extent

7  that it seeks information that is the subject of expert discovery.

8      Subject to and without waiving the foregoing specific objections and General Objections,

9  Apple responds as follows:

10     Apple contends that it does not infringe the Patents in Suit and that the Patents in Suit are

11  invalid and/or unenforceable, and that a reasonable royalty is therefore zero.  In the alternative, if

12  the Court or jury were to find that Apple does practice any of valid patents-in-suit, Apple

13  contends a fair and reasonable royalty must be determined by (a) selecting as a royalty base, at

14  most, the smallest saleable unit substantially embodying the patents-in-suit, *i.e.*, the baseband

15  processor chip, and (b) applying to that royalty base a reasonable royalty rate that reflects the

16  actual technical contribution to the standard that is attributable to each of the patents-in-suit.

17

18  **INTERROGATORY NO. 11:**

19     State whether each LTE Product implements or practices each of the Identified Portions

20  of the LTE Standard. If your response as to any product is other than an unqualified "yes," please

21  explain the manner in or extent to which the product does or does not implement or practice the

22  standard, including by providing all bases for any contention that the product does not practice

23  the standard and the name and Contact Information of every individual with knowledge as to

24  whether or not the product practices the standard.

25  **RESPONSE TO INTERROGATORY NO. 11:**

26     Apple incorporates its General Objections above as if set forth in full herein.  Apple

27  further objects to this interrogatory because it is overly broad and unduly burdensome, and seeks

28

1 information that is neither relevant nor reasonably calculated to lead to the discovery of

2 admissible evidence, including without limitation to the extent it seeks information regarding

3 "every individual" with knowledge as to whether Apple's products practice the LTE Standard.

4 Apple further objects to this interrogatory on the grounds that it seeks information protected from

5 disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or

6 immunity against disclosure.  Apple further objects to this interrogatory to the extent that is seeks

7 information that is in the possession of a third party and not Apple.  Apple further objects to this

8 interrogatory as premature and improper to the extent that it seeks information that is the subject

9 of expert discovery.

10      Subject to and without waiving the foregoing specific objections and General Objections,

11 Apple responds as follows:

12      Apple does not test whether its products "implement or practice" every provision set

13 forth in the specifications of 3GPP and/or ETSI standards, including LTE.  Apple purchases

14 baseband chips that support LTE functionality from Qualcomm.  Apple's accused products are

15 operable on LTE networks, but that does not mean that they practice each and every aspect of the

16 LTE standard, some of which are not mandatory and some of which need not be implemented

17 exactly as described in the standard specification in order to allow interoperability.  A

18 determination of whether the Qualcomm baseband chipsets in the accused devices implement a

19 particular portion of the standard requires a comparison of the operation of the Qualcomm source

20 code with the relevant portion of the standard.

21

22 Dated:  April 30, 2015                                  WILMER CUTLER PICKERING
                                                                        HALE AND DORR LLP
23

24                                                                      */s/ Mark D. Selwyn*
25                                                                      Mark D. Selwyn

26                                                                      *Attorneys for Plaintiff Apple Inc.*

27

28