WILLIAM F. LEE (admitted *pro hac vice*)
william.lee@wilmerhale.com
JOSEPH J. MUELLER (admitted *pro hac vice*)
joseph.mueller@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
CHRISTINE E. DUH (CA SBN 228544)
christine.duh@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff and Counterclaim-Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APPLE INC., a California Corporation,

        Plaintiff,

    v.

TELEFONAKTIEBOLAGET LM ERICSSON,
a Swedish Corporation, and ERICSSON, INC.,
a Delaware Corporation,

        Defendants.

TELEFONAKTIEBOLAGET LM ERICSSON,
a Swedish Corporation, and ERICSSON, INC.,
a Delaware Corporation,

        Counterclaim-Plaintiffs,

    v.

APPLE INC., a California Corporation,

        Counterclaim-Defendant.

Case No. 3:15-cv-00154-JD

**JURY TRIAL DEMANDED**

**COUNTERCLAIM-DEFENDANT APPLE INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

Apple Inc. ("Apple") files this Answer, Defenses, and Counterclaims in Reply to Ericsson's Answer to First Amended Complaint for Declaratory Judgment and Counterclaims ("Counterclaims"), which contains Apple's defenses to the counterclaims asserted by defendants and counterclaim-plaintiffs Telefonaktiebolaget LM Ericsson and Ericsson Inc. (collectively, "Ericsson"), as well as Apple's Counterclaims in Reply to Ericsson's Counterclaims.

## APPLE'S ANSWER TO ERICSSON'S COUNTERCLAIMS[1]

Except as expressly admitted below, Apple denies each and every allegation set forth in the Counterclaims. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts. Apple hereby responds to each numbered paragraph of the Counterclaims as follows:

## NATURE OF COUNTERCLAIMS[2]

1.    Apple denies that the asserted patents are essential to the LTE standard, and denies that Ericsson exhausted all options to conclude a license on fair, reasonable, and non-discriminatory (FRAND) terms before asserting its Counterclaims. Apple admits that the accused products support the LTE standard but denies that they necessarily implement all portions of the LTE standard.

2.    Apple admits that it took a license in 2008 to certain Ericsson patents that Ericsson claimed to be essential to various industry standards, and that Apple engaged in negotiations with Ericsson over a period of approximately two years in an effort to renew the license, during which

---

[1] Ericsson restates in Footnote 1 of its Counterclaims that it "believes that this Court lacks subject matter jurisdiction over Apple's declaratory judgment claims and that, in any event, the Court should exercise its discretion to decline to entertain those claims." This Court already denied Ericsson's related Motions to Dismiss (Dkts. 25, 26) on April 20, 2015, and found "[j]urisdiction is proper here, under Article III of the U.S. Constitution and the Declaratory Judgment Act, 28 U.S.C. § 2201(a)." (*See,* Dkt. 64, at 6.) This Court further found "no basis upon which to exercise its discretion not to hear this action, [and no] basis to dismiss the action in favor of another forum." (*Id.*)

[2] For convenience and clarity, Apple's Answer uses the same headings as set forth in Ericsson's Counterclaims. In so doing, Apple does not admit any of the allegations contained in Ericsson's headings.

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

Ericsson offered to arbitrate the royalty rate for a global portfolio of Ericsson's patents.   Apple further states that it has expressed a willingness to explore an arbitration model that would involve adjudication of the merits (e.g., infringement/non- infringement, validity/invalidity, enforceability/unenforceability) of particular patents.   Ericsson has not agreed to any such model, and instead has proposed processes that would simply assume that Apple needs a license to Ericsson's entire worldwide portfolio without Ericsson actually proving such a claim on the merits.   Apple further states that the license negotiations were unsuccessful because Ericsson sought to license on terms that were not FRAND and not consistent with black-letter principles of patent damages law, and therefore that Ericsson did not seek to negotiate in good faith. Apple denies that the patents subject to the proposed license renewal are essential to industry standards, denies that Ericsson offered to renew the license on FRAND terms, and denies the remaining allegations in Paragraph 2 of the Counterclaims.

3.      Apple denies the allegations set forth in Paragraph 3 of the Counterclaims.   Apple further states that it has tried for approximately two years to reach agreement with Ericsson for a FRAND license, but Ericsson has insisted on non-FRAND terms.   As one example, Ericsson has attempted to use patents allegedly essential to cellular standards to obtain a royalty on the value arising from the vast amount of non-cellular functionality in Apple's products by demanding royalties for FRAND-encumbered patents—such as its allegedly LTE-essential patents—based on a percentage of the value of entire smartphones or tablet computers.   Ericsson has made these excessive, non-FRAND demands rather than properly (a) selecting a royalty base that corresponds to (at most) the component that substantially embodies cellular-processing functionality, i.e., the baseband processor chip, and (b) seeking a reasonable rate applied to that royalty base that reflects the actual technical contributions (if any) of Ericsson's patents to the cellular standards, and that would not result in royalty-stacking problems.   By seeking cellular royalties based on system-level pricing, Ericsson has sought unfair and unreasonable royalties in violation of its FRAND commitments.   Moreover, Ericsson has asserted patents as standard-essential when the patents are

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

not, in fact, essential to cellular standards like LTE.  No royalties at all should be owed for such patents.  Finally, at every turn, Ericsson has taken an "all or nothing" approach in which it has insisted that Apple license Ericsson's full, worldwide portfolio, or license nothing at all.  And Ericsson has simply assumed that Apple is using Ericsson patents, as opposed to proving such alleged use by Apple on the merits.  Ericsson has never offered Apple any license terms specific to the patents-in-suit, let alone FRAND license terms.

4.      Apple admits that it filed this action seeking declarations with regard to U.S. Patent Nos. 8,214,710; 8,169,992; 8,036,150; 8,023,990; 7,660,417; 6,985,474; and 6,445,917 (collectively, the "Patents-in-Suit")) on January 12, 2015, but denies that it filed this action without notice.  Apple denies the remaining allegations in Paragraph 4 of the Counterclaims.  Apple further states that Ericsson has admitted that it has declared patents as essential to standards that are not actually essential, and that Ericsson should be prepared to justify its claims that Apple is using Ericsson's patents as part of its demand for a FRAND royalty.  When Ericsson's patents have been tested in litigation, many have been found not infringed, invalid, or both.  No royalty is appropriate for such patents.

## PARTIES

5.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Counterclaims, and, therefore, denies them.

6.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Counterclaims, and, therefore, denies them

7.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Counterclaims, and, therefore, denies them.

8.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Counterclaims, and, therefore, denies them.

9.      Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Counterclaims, and, therefore, denies them.

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

10.     Apple admits that it is a corporation organized and existing under the laws of California with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

With respect to the second sentence of Paragraph 10 of the Counterclaims, Apple admits that it designs, uses, imports into the United States, sells, and/or offers to sell in the United States smartphones that are capable of communicating over LTE cellular networks.  With respect to the third sentence of Paragraph 10 of the Counterclaims, Apple admits that it offers for sale other devices that are able to communicate wirelessly.  Apple admits the fourth sentence of Paragraph 10 of the Counterclaims.  Apple denies the remaining allegations in Paragraph 10 of the Counterclaims.

### JURISDICTION AND VENUE

11.     Apple admits that Ericsson's Counterclaims purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that Ericsson's Counterclaims have merit.  Apple admits that this Court has subject matter jurisdiction over the Ericsson's Counterclaims under 28 U.S.C. § 1338.

12.     Apple admits that this Court has personal jurisdiction over Apple for this action.

13.     Apple admits that venue is proper in this District.

### ERICSSON'S PATENTS

14.     Apple admits that U.S. Patent No. 8,214,710 (the "'710 patent") is titled "Method and Apparatus for Processing Error Control Messages in a Wireless Communications System," and was issued on July 3, 2012.  Apple denies that the '710 patent was duly and legally issued.

15.     Apple admits that U.S. Patent No. 8,169,992 (the "'992 patent") is titled "Uplink Scrambling During Random Access," and was issued on May 1, 2012.  Apple denies that the '992 patent was duly and legally issued.

16.     Apple admits that U.S. Patent No. 8,036,150 (the "'150 patent") is titled "Method and a Device for Improved Status Reports," and was issued on October 11, 2011.  Apple denies that the '150 patent was duly and legally issued.

17.     Apple admits that U.S. Patent No. 8,023,990 (the "'990 patent") is titled "Uplink

Scheduling in a Cellular System," and was issued on September 20, 2011.  Apple denies that the '990 patent was duly and legally issued.

18.     Apple admits that U.S. Patent No. 7,660,417 (the "'417 patent") is titled "Enhanced Security Design for Cryptography in Mobile Communication Systems," and was issued on February 9, 2010.  Apple denies that the '417 patent was duly and legally issued.

19.     Apple admits that U.S. Patent No. 6,985,474 (the "'474 patent") is titled "Random Access in a Mobile Telecommunications System," and was issued on January 10, 2006.   Apple denies that the '474 patent was duly and legally issued.

20.     Apple admits that U.S. Patent No. 6,445,917 (the "'917 patent") is titled "Mobile Station Measurements with Event-Based Reporting," and was issued on September 3, 2002.  Apple denies that the '917 patent was duly and legally issued.

21.     Apple admits that it does not currently have an express license from Ericsson to the Ericsson Patents-in-Suit, but states that, in the event any liability is found, it is entitled to a license on FRAND terms.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Counterclaims, and, therefore, denies them.

22.     Apple denies the allegations in Paragraph 22 of the Counterclaims.

### GENERAL ALLEGATIONS

23.     Apple denies the allegations in Paragraph 23 of the Counterclaims.

24.     Apple admits that Ericsson purports to accuse Apple products with LTE cellular capabilities, including various iPhone and iPad products, of infringement.  Apple admits that certain of its iPhone and iPad products support LTE cellular communication.  Apple denies the remaining allegations in Paragraph 24 of the Counterclaims, including allegations that it infringes any valid and enforceable claim of any Ericsson Patent-In-Suit.

25.     Apple admits that prior to its filing of the Original Complaint, Ericsson provided Apple with claim charts mapping the Ericsson Patents-In-Suit against sections of the LTE standard.  Ericsson has stated in open court that it did not mean for these claim charts to be interpreted as notice

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY
TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

of infringement by Apple products.  Apple admits that paragraph 55 of its First Amended Complaint states "[i]n the discussions made public by Ericsson's breach of the NDA, Ericsson accused Apple of infringing each of the patents that Apple identified in its original complaint []—none of which is actually essential or infringed by Apple," and that it has been placed on actual notice of alleged infringement at least by Ericsson's assertion of counterclaims for infringement.  Apple admits that it is a member of ETSI and that Ericsson declared the Patents-In-Suit to ETSI, but denies that these declarations were timely made.  Ericsson's allegation that "prior to filing the Original Complaint, Apple made investigation into Ericsson's patent portfolio, including specifically each of the Patents-in-Suit" is too vague to be admitted or denied, and, on that basis, Apple denies the allegation.

26.     Apple denies the allegations in Paragraph 26 of the Counterclaims.

27.     Apple denies the allegations in Paragraph 27 of the Counterclaims.

28.     Apple denies the allegations in Paragraph 28 of the Counterclaims.

## COUNT I

### (Patent Infringement of U.S. Patent No. 8,214,710)

29.     Apple admits that the Ericsson Counterclaimants repeat and reallege Paragraphs 1 through 28 of the Counterclaims.  Apple repeats and realleges all the responses in Paragraphs 1 through 28 above, as if set forth fully herein.

30.     Apple denies the allegations in Paragraph 30 of the Counterclaims.

31.     Apple denies the allegations in Paragraph 31 of the Counterclaims.

32.     Apple admits it became aware of the '710 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 32 of the Counterclaims.

33.     Apple denies the allegations in Paragraph 33 of the Counterclaims.

34.     Apple admits it became aware of the '710 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 34 of the Counterclaims.

35.     Apple admits it became aware of the '710 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 35 of the Counterclaims.

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

36.    Apple denies the allegations in Paragraph 36 of the Counterclaims.

## COUNT II

### (Infringement of U.S. Patent No. 8,169,992)

37.    Apple admits that the Ericsson Counterclaimants repeat and reallege Paragraphs 1 through 36 of the Counterclaims.  Apple repeats and realleges all the responses in Paragraphs 1 through 36 above, as if set forth fully herein.

38.    Apple denies the allegations in Paragraph 38 of the Counterclaims.

39.    Apple denies the allegations in Paragraph 39 of the Counterclaims.

40.    Apple admits it became aware of the '992 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 40 of the Counterclaims.

41.    Apple denies the allegations in Paragraph 41 of the Counterclaims.

42.    Apple admits it became aware of the '992 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 42 of the Counterclaims.

43.    Apple admits it became aware of the '992 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 43 of the Counterclaims.

44.    Apple denies the allegations in Paragraph 44 of the Counterclaims.

## COUNT III

### (Infringement of U.S. Patent No. 8,036,150)

45.    Apple admits that the Ericsson Counterclaimants repeat and reallege Paragraphs 1 through 44 of the Counterclaims.  Apple repeats and realleges all the responses in Paragraphs 1 through 44 above, as if set forth fully herein.

46.    Apple denies the allegations in Paragraph 46 of the Counterclaims.

47.    Apple denies the allegations in Paragraph 47 of the Counterclaims.

48.    Apple admits it became aware of the '150 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 48 of the Counterclaims.

49.    Apple denies the allegations in Paragraph 49 of the Counterclaims.

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

50.     Apple admits it became aware of the '150 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 50 of the Counterclaims.

51.     Apple admits it became aware of the '150 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 51 of the Counterclaims.

52.     Apple denies the allegations in Paragraph 52 of the Counterclaims.

## COUNT IV

### (Infringement of U.S. Patent No. 8,023,990)

53.     Apple admits that the Ericsson Counterclaimants repeat and reallege Paragraphs 1 through 52 of the Counterclaims.  Apple repeats and realleges all the responses in Paragraphs 1 through 52 above, as if set forth fully herein.

54.     Apple denies the allegations in Paragraph 54 of the Counterclaims.

55.     Apple denies the allegations in Paragraph 55 of the Counterclaims.

56.     Apple admits it became aware of the '990 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 56 of the Counterclaims.

57.     Apple denies the allegations in Paragraph 57 of the Counterclaims.

58.     Apple admits it became aware of the '990 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 58 of the Counterclaims.

59.     Apple admits it became aware of the '990 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 59 of the Counterclaims.

60.     Apple denies the allegations in Paragraph 60 of the Counterclaims.

## COUNT V

### (Infringement of U.S. Patent No. 7,660,417)

61.     Apple admits that the Ericsson Counterclaimants repeat and reallege Paragraphs 1 through 28 of the Counterclaims.  Apple repeats and realleges all the responses in Paragraphs 1 through 28 above, as if set forth fully herein.

62.     Apple denies the allegations in Paragraph 62 of the Counterclaims.

63.      Apple denies the allegations in Paragraph 63 of the Counterclaims.

64.      Apple admits it became aware of the '990 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 64 of the Counterclaims.

65.      Apple denies the allegations in Paragraph 65 of the Counterclaims.

66.      Apple admits it became aware of the '990 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 66 of the Counterclaims.

67.      Apple admits it became aware of the '990 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 67 of the Counterclaims.

68.      Apple denies the allegations in Paragraph 68 of the Counterclaims.

## COUNT VI

### (Infringement of U.S. Patent No. 6,985,474)

69.      Apple admits that the Ericsson Counterclaimants repeat and reallege Paragraphs 1 through 28 of the Counterclaims.  Apple repeats and realleges all the responses in Paragraphs 1 through 28 above, as if set forth fully herein.

70.      Apple denies the allegations in Paragraph 70 of the Counterclaims.

71.      Apple denies the allegations in Paragraph 71 of the Counterclaims.

72.      Apple admits it became aware of the '474 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 72 of the Counterclaims.

73.      Apple denies the allegations in Paragraph 73 of the Counterclaims.

74.      Apple admits it became aware of the '474 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 74 of the Counterclaims.

75.      Apple admits it became aware of the '474 patent on August 21, 2013.  Apple denies the remaining allegations in Paragraph 75 of the Counterclaims.

76.      Apple denies the allegations in Paragraph 76 of the Counterclaims.

## COUNT VII

### (Infringement of U.S. Patent No. 6,445,917)

77.     Apple admits that the Ericsson Counterclaimants repeat and reallege Paragraphs 1 through 28 of the Counterclaims.  Apple repeats and realleges all the responses in Paragraphs 1 through 28 above, as if set forth fully herein.

78.     Apple denies the allegations in Paragraph 78 of the Counterclaims.

79.     Apple denies the allegations in Paragraph 79 of the Counterclaims.

80.     Apple admits it became aware of the '917 patent on April 16, 2007.  Apple denies the remaining allegations in Paragraph 80 of the Counterclaims.

81.     Apple denies the allegations in Paragraph 81 of the Counterclaims.

82.     Apple admits it became aware of the '917 patent on April 16, 2007.  Apple denies the remaining allegations in Paragraph 82 of the Counterclaims.

83.     Apple admits it became aware of the '917 patent on April 16, 2007.  Apple denies the remaining allegations in Paragraph 83 of the Counterclaims.

84.     Apple denies the allegations in Paragraph 84 of the Counterclaims.

### DAMAGES

85.     Apple denies that any of Ericsson's claims have merit and denies that Ericsson is entitled to any damages in this action.  Apple denies the remaining allegations in Paragraph 85 of the Counterclaims.

### ATTORNEYS' FEES

86.     Apple denies that any of Ericsson's claims have merit and denies that Ericsson is entitled to any attorneys' fees in this action.  Apple denies the remaining allegations in Paragraph 86 of the Counterclaims.

### JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Apple demands a trial by jury on all issues so triable.

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

**PRAYER FOR RELIEF**

Apple denies that Ericsson is entitled to any relief in this action, as requested or otherwise.

**APPLE'S AFFIRMATIVE DEFENSES TO ERICSSON'S COUNTERCLAIMS**

Apple reserves the right to amend its Answer to add Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case. Subject to that limitation, Apple asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on Ericsson.

**FIRST AFFIRMATIVE DEFENSE**

**(Non-infringement)**

Apple has not directly infringed (whether literally or under the doctrine of equivalents), has not induced or contributed to infringement of, does not directly infringe (whether literally or under the doctrine of equivalents), and does not induce or contribute to infringement of any claim of the Ericsson Patents-in-Suit that may be valid and enforceable.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

One or more claims of the Ericsson Patents-In-Suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**THIRD AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

Ericsson's claims are barred in whole or in part by prosecution history estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statutory Limitations on Damages)**

Ericsson's claims for alleged damages or costs are statutorily limited by 35 U.S.C. §§ 286, 287, and 288 and by 28 U.S.C. § 1498.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Ericsson's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, laches, waiver, estoppel, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Patent Exhaustion and License)

Ericsson's claims for relief are barred, in whole or in part, as a result of patent exhaustion and/or a license to the Ericsson Patents-In-Suit.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contractual Limitation on Damages)

Ericsson's claims for monetary relief are limited by its obligations to license the Ericsson Patents-In-Suit on fair, reasonable, and non-discriminatory terms.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

On information and belief, Ericsson lacks standing to bring this action against Apple because it lacks ownership of the Ericsson Patents-in-Suit and/or has failed to join an indispensable party.  Upon information and belief, Plaintiff Ericsson, Inc. is not an owner or assignee of the Patents-in-Suit.

## APPLE INC.'S COUNTERCLAIMS IN REPLY

Apple incorporates by reference its above responses as if fully set forth herein.  In accordance with Rule 13 of the Federal Rules of Civil Procedure, Apple asserts the following counterclaims against Ericsson:

## NATURE OF THE ACTION

1.      By this Counterclaim, Apple seeks declaratory judgments that the patents that Ericsson has asserted against Apple in this case are invalid and/or unenforceable.

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY
TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

**THE PARTIES**

2.      Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3.      On information and belief, Telefonaktiebolaget LM Ericsson is a Swedish corporation having its corporation headquarters at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.  On information and belief, a substantial portion of Telefonaktiebolaget LM Ericsson's business operations relates to enforcement of patents by pursuing licensing demands and litigation against other companies.

4.      On information and belief, Ericsson Inc. is a Delaware corporation having a principal place of business at 6300 Legacy Drive, Plano, Texas 75024.  On information and belief, Ericsson Inc. is a wholly-owned subsidiary of Ericsson Holding II Inc., a Delaware corporation, which in turn is a wholly-owned subsidiary of Telefonaktiebolaget LM Ericsson.

5.      Together, these two entities are referred to herein as "Ericsson."

6.      On information and belief, Ericsson has offices and employees in California and regularly conducts business in California.

**JURISDICTION**

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1338, 2201, 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

8.      This Court has personal jurisdiction over Ericsson because, among other things, Ericsson has availed itself of the Court's jurisdiction by counterclaiming against Apple in this District.

**VENUE**

9.      Venue is proper within this district under 28 U.S.C. §§ 1391(b) and (c).

**Patents-in-Suit**

10.      U.S. Patent No. 8,214,710 ("'710 patent") is entitled "Method and Apparatus for Processing Error Control Messages in a Wireless Communication System" and bears an issuance

---

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

date of July 3, 2012.  A copy of the '710 patent is attached to Apple's First Amended Complaint as Exhibit 1.

11.     U.S. Patent No. 8,169,992 ("'992 patent") is entitled "Uplink Scrambling During Random Access" and bears an issuance date of May 1, 2012.  A copy of the '992 patent is attached to Apple's First Amended Complaint as Exhibit 2.

12.     U.S. Patent No. 8,036,150 ("'150 patent") is entitled "Method and a Device for Improved Status Reports" and bears an issuance date of October 11, 2011.  A copy of the '150 patent is attached to Apple's First Amended Complaint as Exhibit 3.

13.     U.S. Patent No. 8,023,990 ("'990 patent") is entitled "Uplink Scheduling in a Cellular System" and bears an issuance date of September 20, 2011.  A copy of the '990 patent is attached to Apple's First Amended Complaint as Exhibit 4.

14.     U.S. Patent No. 7,660,417 ("'417 patent") is entitled "Enhanced Security Design for Cryptography in Mobile Communication Systems" and bears an issuance date of February 9, 2010.  A copy of the '417 patent is attached to Apple's First Amended Complaint as Exhibit 5.

15.     U.S. Patent No. 6,985,474 ("'474 patent") is entitled "Random Access in a Mobile Telecommunications System" and bears an issuance date of January 10, 2006.  A copy of the '474 patent is attached to Apple's First Amended Complaint as Exhibit 6.

16.     U.S. Patent No. 6,445,917 ("'917 patent") is entitled "Mobile Station Measurements with Event-Based Reporting" and bears an issuance date of September 3, 2002.  A copy of the '917 patent is attached to Apple's First Amended Complaint as Exhibit 7.

17.     On information and belief, each of the '710, '992, '150, '990, '417, '474, and '917 patents is assigned to Defendant Telefonaktiebolaget LM Ericsson.

## COUNT I

### (Declaration of Invalidity of U.S. Patent No. 8,214,710)

18.      Apple repeats and realleges Paragraphs 1-17 of this Counterclaim.

19.     None of the asserted claims of the '710 patent are valid because the claims fail to

meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

20.     In Paragraph 22 of its Counterclaims, Ericsson has alleged that the '710 patent is valid.

21.     There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '710 patent are valid.

22.     Apple is entitled to a judicial determination that the asserted claims of the '710 patent are invalid.

## COUNT II

### (Declaration of Invalidity of U.S. Patent No. 8,169,992)

23.     Apple repeats and realleges Paragraphs 1-22 of this Counterclaim.

24.     None of the asserted claims of the '992 patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

25.     In Paragraph 22 of its Counterclaims, Ericsson has alleged that the '992 patent is valid.

26.     There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '992 patent are valid.

27.     Apple is entitled to a judicial determination that the asserted claims of the '992 patent are invalid.

## COUNT III

### (Declaration of Invalidity of U.S. Patent No. 8,036,150)

28.     Apple repeats and realleges Paragraphs 1-27 of this Counterclaim.

29.     None of the asserted claims of the '150 patent are valid because the claims fail to

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

30.     In Paragraph 22 of its Counterclaims, Ericsson has alleged that the '150 patent is valid.

31.     There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '150 patent are valid.

32.     Apple is entitled to a judicial determination that the asserted claims of the '150 patent are invalid.

## COUNT IV

### (Declaration of Invalidity of U.S. Patent No. 8,023,990)

33.     Apple repeats and realleges Paragraphs 1-32 of this Counterclaim.

34.     None of the asserted claims of the '990 patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

35.     In Paragraph 22 of its Counterclaims, Ericsson has alleged that the '990_ patent is valid.

36.     There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '990 patent are valid.

37.     Apple is entitled to a judicial determination that the asserted claims of the '990 patent are invalid.

## COUNT V

### (Declaration of Invalidity of U.S. Patent No. 7,660,417)

38.     Apple repeats and realleges Paragraphs 1-37 of this Counterclaim.

39.     None of the asserted claims of the '417 patent are valid because the claims fail to

meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

40. In Paragraph 22 of its Counterclaims, Ericsson has alleged that the '417 patent is valid.

41. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '417 patent are valid.

42. Apple is entitled to a judicial determination that the asserted claims of the '417 patent are invalid.

## COUNT VI

### (Declaration of Invalidity of U.S. Patent No. 6,985,474)

43. Apple repeats and realleges Paragraphs 1-42 of this Counterclaim.

44. None of the asserted claims of the '474 patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

45. In Paragraph 22 of its Counterclaims, Ericsson has alleged that the '474 patent is valid.

46. There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '474 patent are valid.

47. Apple is entitled to a judicial determination that the asserted claims of the '474 patent are invalid.

## COUNT VII

### (Declaration of Invalidity of U.S. Patent No. 6,445,917)

48. Apple repeats and realleges Paragraphs 1-47 of this Counterclaim.

49. None of the asserted claims of the '917 patent are valid because the claims fail to

meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

50.      In Paragraph 22 of its Counterclaims, Ericsson has alleged that the '917 patent is valid.

51.      There exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether the asserted claims of the '917 patent are valid.

52.      Apple is entitled to a judicial determination that the asserted claims of the '917 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for relief, as follows:

1.      declarations that one or more claims of each of the Ericsson Patents-In-Suit is invalid;

2.      an award of any other remedy or relief to which Apple may be entitled and which is deemed appropriate by the Court.

## JURY DEMAND

Apple demands a jury trial on all issues and claims so triable.

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD

1   Dated:  May 26, 2015                    Respectfully submitted,

2                                           WILMER CUTLER PICKERING
                                               HALE AND DORR LLP
3

4

5                                            _/s/ Mark D. Selwyn_____
                                            Mark D. Selwyn
6                                           *Attorneys for Plaintiff and Counterclaim-*
                                            *Defendant Apple Inc.*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY
     TO ERICSSON'S COUNTERCLAIMS**
     Case No. 3:15-cv-00154-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 26, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.5.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

___*/s/ Cortney C. Hoecherl*_____
Cortney C. Hoecherl

**APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS IN REPLY TO ERICSSON'S COUNTERCLAIMS**
Case No. 3:15-cv-00154-JD