| | |
|---|---|
| GREGORY STONE (Bar No. 78329)<br>gregory.stone@mto.com<br>STEVEN PERRY (Bar No. 106154)<br>steven.perry@mto.com<br>BENJAMIN HORWICH (Bar No. 249090)<br>ben.horwich@mto.com<br>ZACHARY BRIERS (Bar No. 287984)<br>zachary.briers@mto.com<br>MUNGER, TOLLES & OLSON LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, California 90071-1560<br>Telephone:     (213) 683-9100<br>Facsimile:      (213) 687-3702<br><br>COURTLAND REICHMAN (Bar No. 268873)<br>creichman@mckoolsmithhennigan.com<br>MCKOOL SMITH HENNIGAN, P.C.<br>255 Shoreline Drive, Suite 510<br>Redwood Shores, California 94065<br>Telephone:     (650) 394-1400<br>Facsimile:      (650) 394-1422 | MIKE MCKOOL, JR. (*pro hac vice* pending)<br>mmckool@mckoolsmith.com<br>DOUGLAS CAWLEY (*pro hac vice* pending)<br>dcawley@mckoolsmith.com<br>MCKOOL SMITH HENNIGAN, P.C.<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br>Telephone:     (214) 978-1000<br>Facsimile:      (214) 978-4044<br><br>*Attorneys for Ericsson Inc. and*<br>*Telefonaktiebolaget LM Ericsson* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>　　　　　Plaintiff-Counterdefendant,<br><br>　　vs.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON, and ERICSSON, INC.,<br><br>　　　　　Defendants-Counterclaimants. | Case No. 3:15-cv-00154 JD<br><br>**DEFENDANTS-COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION TO CHANGE DATE OF INITIAL NARROWING OF ASSERTED CLAIMS**<br><br>Judge:　Hon. James Donato<br><br>[NO HEARING REQUESTED; REQUEST FOR DECISION ON THE PAPERS] |

In opposing Ericsson's request to adjust the timeline for claim narrowing to allow the parties to make informed and efficient choices, Apple complains only about the number of claims it will need to address in its invalidity contentions and the "delay" if Ericsson's motion is granted. Opp. at 1.  But any burden on Apple is of its own making.  It was Apple who sued Ericsson for declaratory relief on seven unrelated patents, each addressed to a different aspect of the LTE standard.  Apple makes no attempt to show that, in these circumstances, 77 claims – an average of 11 claims per patent – is an excessive number for these initial proceedings.  As for "delay," Apple does not dispute what Ericsson pointed out in its motion:  The requested relief would alter only the sequence and timing of the exchange of information between the parties in the next few months, and it would have no effect on the Court's claim construction schedule or any other court date.

Apple asserts that "numerous courts, including in this District," have ordered narrowing of claims prior to the service of invalidity contentions. Opp. at 1.  But it actually cites only three cases, none of which began as a declaratory judgment action. Opp. at 3-4.  One of those three, *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277 (D. Del. 2013), is grossly mischaracterized in Apple's opposition.  In *Masimo*, the accused infringer had identified 135 prior art references and charted 19 of them *prior* to the claim narrowing ordered by the court, and the patentee's decisions on several patents were informed by the prior construction of a closely related patent.  *Id.* at 279 n.16, 280, 281, 285 n.44.  Thus, the court concluded that, in contrast to this case, the patentee would "not be modifying the number of asserted claims blindly." *Id.* at 286.

The only case that Apple was able to cite from this District, *Software Rights Archive, LLC v. Facebook Inc.,* No. 12-cv-03970-RMW (N.D. Cal. Feb 15, 2013), is readily distinguishable.  First, in directing the patentee to reduce the number of asserted claims prior to the service of invalidity contentions, Judge Whyte relied on the fact that the schedule, unlike the one here, provided for a date for amendment of infringement contentions approximately 4.5 months after the date for invalidity contentions.  Selwyn Decl., Ex. 3, at 2.  Moreover, while the magnitude of the claim reduction in *Software Rights* (from 74 to 30) is similar to that at issue here  (from 77 to 30), that case was far simpler, making the task facing the patentee more reasonable on limited information.  In contrast to the seven unrelated patents covering distinct technologies at issue here,

-1-                                               Case No. 3:15-cv-00154 JD
ERICSSON'S REPLY ISO MOTION TO CHANGE DATE OF INITIAL NARROWING OF ASSERTED CLAIMS

*Software Rights* involved only three patents, all from the same family and all directed to the same subject matter. *See Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522, at *1 (N.D. Cal. Sep. 17, 2013) (noting that all three patents-in-suit "relate to methods for searching data and displaying results using 'proximity indexing'"). Indeed, Judge Whyte viewed the case as so straightforward that he limited each accused infringer to a total of only four anticipatory references and four obviousness combinations. Selwyn Decl., Ex. 3, at 3.

Apple fails to acknowledge that numerous cases in this District have followed the approach of the model orders cited in Ericsson's motion, by setting the initial narrowing of asserted claims well after the service of invalidity contentions. *See, e.g.*, *Thought, Inc. v. Oracle Corp.*, 2013 WL 5587559, at *3 (Oct. 10, 2013) (Orrick, J.) (ordering reduction of claims where "the parties have already exchanged infringement and invalidity contentions, preliminary claim constructions, and core technical documents"); *Adobe Sys. Inc. v. Wowza Media Sys. LLC*, 2013 WL 9541126, at *1 (May 6, 2013) (Tigar, J.) (ordering reduction of claims where "[t]he parties have completed discovery, and Adobe is now in a position to determine its strongest claims"); *Oracle Am., Inc. v. Google Inc.*, 2011 WL 12209477, at *1 (2011) (Alsup, J.) (ordering reduction of claims after claim construction); *see also Technology Licensing Corp. v. Blackmagic Design Pty Ltd.*, 2015 WL 307256, at *3-*5 (Jan. 22, 2015) (James, M.J.) (recommending allowing discovery into accused products before requiring patentee to reduce asserted claims).

Courts elsewhere have agreed that it would be unreasonable to require a patentee to limit its claims too early in the litigation. For example, in *Certusview Technologies, LLC v. S&N Locating Services, LLC*, 2014 WL 4930803 (E.D. Va. Oct. 1, 2014), the court noted that it had previously denied a motion requiring the patentee to limit its asserted claims where the patentee had explained that it had not received "sufficient discovery [from the accused infringers] concerning the accused product and [their] positions on infringement and validity." *Id.* at *1. The court granted a renewed motion to limit the number of asserted claims once it was "satisfied that this case has reached a sufficient stage in the discovery process to allow [the patentee] to make an informed decision about which claims to pursue." *Id.* at *5. In particular, the court noted that the patentee "has had substantial opportunity to obtain discovery regarding [the accused infringers']

1  invalidity and non-infringement contentions." *Id.*

2  In its motion, Ericsson pointed out that the only two model orders that address the matter both provide that the initial narrowing of claims should occur well after invalidity contentions have been served. Apple's opposition devotes a single footnote to the model orders, asserting that they are "[n]either persuasive or controlling." Opp. at 4, n.1. But Apple provides no basis for dismissing the model orders so cavalierly. Certainly, as Apple notes, the FCAC model order is no longer hosted on the Federal Circuit's website (because the Court itself has not endorsed it), but that does not undercut the persuasive reasoning of the distinguished panel that drafted the FCAC model order. Indeed, not only did the Eastern District of Texas begin with the FCAC model in drafting its own, but other courts have also continued to cite it with approval. *See, e.g.*, *Telebuyer, LLC v. Amazon.com, Inc.*, 2014 WL 5312275, at *3 (W.D. Wash. Oct. 16, 2014).

Apple does not dispute that its invalidity contentions would be vital information for Ericsson in gauging the strength of particular claims and in determining whether certain claims raise similar or distinct validity issues. Apple does argue that Ericsson's professed need for information about the operation of the accused products is "inconsistent" with its infringement theory which relies only on the LTE standard. Opp. at 5-6. Of course, while Ericsson believes that its patents are standard-essential and are infringed by Apple's LTE products, Apple disagrees. Most importantly, Apple refuses to say if its products practice the relevant portions of the LTE standard; publicly available information about the standard itself cannot answer that question. Moreover, Apple has asserted that the patents are not standard-essential and that its products do not infringe them, while refusing to provide any insight into the basis for its positions. Documents about the operation of Apple's products will allow Ericsson to investigate whether Apple has any colorable noninfringement arguments with respect to any of the asserted claims.[*]

---

[*] In a transparent act of gamesmanship, a week after Ericsson filed its motion, Apple offered to produce some (unspecified) attorneys'-eyes-only documents, eliciting the entirely sensible response from Ericsson's counsel that it would be preferable to await entry of a suitable protective order. Selwyn Decl. Ex. 7. Apple now conveniently asserts that those documents are "technical materials that Ericsson's motion claims to need." Opp. at 6. But Apple has not retracted the statement in its discovery responses that it would only produce documents "sufficient to show the operation" of relevant aspects of its products on June 29, coincident with its invalidity contentions.

| | | |
|---|---|---|
| 1 | DATED: June 5, 2015 | MUNGER, TOLLES & OLSON LLP |
| 2 | |    GREGORY P. STONE |
| | |    STEVEN M. PERRY |
| 3 | |    BENJAMIN J. HORWICH |
| 4 | |    ZACHARY M. BRIERS |
| 5 | | MCKOOL SMITH HENNIGAN, P.C. |
| | |    MIKE MCKOOL, JR. (*pro hac vice*) |
| 6 | |    DOUGLAS A. CAWLEY (*pro hac vice*) |
| | |    COURTLAND L. REICHMAN |

By:    */s/ Benjamin J. Horwich*
        BENJAMIN J. HORWICH

Attorneys for Defendants ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON