1  GREGORY P. STONE (Bar No. 78329)
   gregory.stone@mto.com
2  STEVEN M. PERRY (Bar No. 106154)
   steven.perry@mto.com
3  BENJAMIN J. HORWICH (Bar No. 249090)
   ben.horwich@mto.com
4  ZACHARY M. BRIERS (Bar No. 287984)
   zachary.briers@mto.com
5  LAURA WIRTH (Bar No. 280800)
   Laura.wirth@mto.com
6  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, 35th Floor
7  Los Angeles, California 90071-1560
   Telephone:     (213) 683-9100
8  Facsimile:     (213) 687-3702

9
   COURTLAND L. REICHMAN (Bar No. 268873)
10 creichman@mckoolsmithhennigan.com
   MCKOOL SMITH HENNIGAN, P.C.
11 255 Shoreline Drive, Suite 510
   Redwood Shores, California 94065
12 Telephone:     (650) 394-1400

   Facsimile:     (650) 394-1422
   MIKE MCKOOL, JR. (*pro hac vice*)
   mmckool@mckoolsmith.com
   DOUGLAS A. CAWLEY (*pro hac vice*)
   dcawley@mckoolsmith.com
   MCKOOL SMITH HENNIGAN, P.C.
   300 Crescent Court, Suite 1500
   Dallas, Texas 75201
   Telephone:     (214) 978-1000
   Facsimile:     (214) 978-4044

   *Attorneys for Ericsson Inc. and
   Telefonaktiebolaget LM Ericsson*

13
14
                    UNITED STATES DISTRICT COURT
15
                   NORTHERN DISTRICT OF CALIFORNIA
16
17
   APPLE INC.,
18
           Plaintiff,
19
        vs.
20                                              Case No. 3:15-cv-00154-JD
   TELEFONAKTIEBOLAGET LM
21 ERICSSON and ERICSSON, INC.,                 **ERICSSON'S ANSWER TO
                                                COUNTERCLAIMS IN REPLY**
22         Defendants.
                                                Judge:   Hon. James Donato
23 TELEFONAKTIEBOLAGET LM
   ERICSSON and ERICSSON, INC.,
24
           Counterclaim-Plaintiffs,
25
        vs.
26
   APPLE INC.,
27         Counterclaim-Defendant.
28

Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), by and through the undersigned counsel, hereby respond to Plaintiff Apple Inc.'s ("Apple") Counterclaims in Reply to Ericsson's Counterclaims ("Counterclaims in Reply") as follows:

## PRELIMINARY STATEMENT

Ericsson's investigation and discovery regarding the allegations made by Apple in the Counterclaims in Reply, and Ericsson's defenses thereto, is ongoing.  While Ericsson files this Answer to the best of its knowledge and ability, Ericsson reserves the right to supplement or amend this Answer to include additional defenses and/or counterclaims that are discovered during the course of this action.  To the extent Ericsson does not specifically admit an allegation, at this time Ericsson intends to generally deny such allegation.

## NATURE OF THE ACTION

1. Ericsson admits that Apple's pleading purports to seek declaratory judgments that certain patents are invalid.  Ericsson denies that Apple's pleading seeks declaratory judgments that those patents are unenforceable.

## THE PARTIES

2. To the extent the allegations in Paragraph 2 are not asserted against Ericsson, they require no answer from Ericsson.

3. Telefonaktiebolaget LM Ericsson ("LME") admits that it is a corporation organized under the laws of the Kingdom of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.  LME admits that a portion of its business operations relate to enforcement of patents, including licensing and litigation.

4. Ericsson Inc. admits that it is a Delaware corporation having its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.  Ericsson Inc. admits that it is a wholly owned subsidiary of Ericsson Holding II Inc., a Delaware corporation, which in turn is a wholly owned subsidiary of LME.

5. To the extent the allegations in Paragraph 5 are not asserted against Ericsson, they require no answer from Ericsson.

1      6.    Ericsson admits that it has offices and employees in California and conducts business in California.

## JURISDICTION

7.    Ericsson denies that this Court has subject matter jurisdiction over this action.[1]

8.    For purposes of this action only, Ericsson submits to this Court's personal jurisdiction.

## VENUE

9.    Ericsson admits that venue is proper within this District.

### Patents-in-Suit

10.    Ericsson admits the allegations in Paragraph 10.

11.    Ericsson admits the allegations in Paragraph 11.

12.    Ericsson admits the allegations in Paragraph 12.

13.    Ericsson admits the allegations in Paragraph 13.

14.    Ericsson admits the allegations in Paragraph 14.

15.    Ericsson admits the allegations in Paragraph 15.

16.    Ericsson admits the allegations in Paragraph 16.

17.    Ericsson admits the allegations in Paragraph 17.

## COUNT I

### (Declaration of Invalidity of U.S. Patent No. 8,214,710)

18.    Ericsson repeats and incorporates its Answer to Paragraphs 1–17.

19.    Ericsson denies the allegations in Paragraph 19, or, to the extent the allegations in Paragraph 19 contain legal conclusions, they require no answer from Ericsson.

---

[1] Ericsson believes that this Court lacks subject matter jurisdiction over Apple's declaratory judgment claims, either as asserted in its Counterclaims in Reply or otherwise, and that, in any event, the Court should exercise its discretion to decline to entertain those claims. *See* ECF No. 25 (Defendants' Notice of Motion and Motion to Dismiss First Amended Complaint). In light of the Court's ruling on Ericsson's motion, Ericsson asserted counterclaims in its Answer to First Amended Complaint and Counterclaims. *See* ECF No. 69. In asserting those counterclaims, Ericsson did not consent to the Court's subject matter jurisdiction or concede that the Court should entertain Apple's claims.

1    20.   Ericsson admits that it has taken the position that the '710 patent is valid.

2    21.   Ericsson denies the allegations in Paragraph 21.

3    22.   Ericsson denies the allegations in Paragraph 22.

4 <center>**COUNT II**</center>

5 <center>**(Declaration of Invalidity of U.S. Patent No. 8,169,992)**</center>

6    23.   Ericsson repeats and incorporates its Answer to Paragraphs 1–22.

7    24.   Ericsson denies the allegations in Paragraph 24, or, to the extent the allegations in

8 Paragraph 24 contain legal conclusions, they require no answer from Ericsson.

9    25.   Ericsson admits that it has taken the position that the '992 patent is valid.

10   26.   Ericsson denies the allegations in Paragraph 26.

11   27.   Ericsson denies the allegations in Paragraph 27.

12 <center>**COUNT III**</center>

13 <center>**(Declaration of Invalidity of U.S. Patent No. 8,036,150)**</center>

14   28.   Ericsson repeats and incorporates its Answer to Paragraphs 1–27.

15   29.   Ericsson denies the allegations in Paragraph 29, or, to the extent the allegations in

16 Paragraph 29 contain legal conclusions, they require no answer from Ericsson.

17   30.   Ericsson admits that it has taken the position that the '150 patent is valid.

18   31.   Ericsson denies the allegations in Paragraph 31.

19   32.   Ericsson denies the allegations in Paragraph 32.

20 <center>**COUNT IV**</center>

21 <center>**(Declaration of Invalidity of U.S. Patent No. 8,023,990)**</center>

22   33.   Ericsson repeats and incorporates its Answer to Paragraphs 1–32.

23   34.   Ericsson denies the allegations in Paragraph 34, or, to the extent the allegations in

24 Paragraph 34 contain legal conclusions, they require no answer from Ericsson.

25   35.   Ericsson admits that it has taken the position that the '990 patent is valid.

26   36.   Ericsson denies the allegations in Paragraph 36.

27   37.   Ericsson denies the allegations in Paragraph 37.

28

### COUNT V

**(Declaration of Invalidity of U.S. Patent No. 7,660,417)**

38. Ericsson repeats and incorporates its Answer to Paragraphs 1–37.

39. Ericsson denies the allegations in Paragraph 39, or, to the extent the allegations in Paragraph 39 contain legal conclusions, they require no answer from Ericsson.

40. Ericsson admits that it has taken the position that the '417 patent is valid.

41. Ericsson denies the allegations in Paragraph 41.

42. Ericsson denies the allegations in Paragraph 42.

### COUNT VI

**(Declaration of Invalidity of U.S. Patent No. 6,985,474)**

43. Ericsson repeats and incorporates its Answer to Paragraphs 1–42.

44. Ericsson denies the allegations in Paragraph 44, or, to the extent the allegations in Paragraph 44 contain legal conclusions, they require no answer from Ericsson.

45. Ericsson admits that it has taken the position that the '474 patent is valid.

46. Ericsson denies the allegations in Paragraph 46.

47. Ericsson denies the allegations in Paragraph 47.

### COUNT VII

**(Declaration of Invalidity of U.S. Patent No. 6,445,917)**

48. Ericsson repeats and incorporates its Answer to Paragraphs 1–47.

49. Ericsson denies the allegations in Paragraph 49, or, to the extent the allegations in Paragraph 49 contain legal conclusions, they require no answer from Ericsson.

50. Ericsson admits that it has taken the position that the '917 patent is valid.

51. Ericsson denies the allegations in Paragraph 51.

52. Ericsson denies the allegations in Paragraph 52.

### PRAYER FOR RELIEF

53. Ericsson denies that Apple is entitled to any relief, either as prayed for in its Counterclaims in Reply or otherwise. Apple's request for declaratory judgments of invalidity should be denied in its entirety, with prejudice, because the Patents-in-Suit are valid.

**APPLE'S JURY DEMAND**

54. Ericsson denies that Apple is entitled to a jury trial on the claims asserted in its Counterclaims in Reply.

**GENERAL DENIAL**

55. Ericsson further denies each and every allegation contained in the Counterclaims in Reply to which Ericsson has not specifically admitted, denied, or otherwise responded to herein.

**ERICSSON'S DEFENSES**

56. Without waiver, limitation, or prejudice, Ericsson asserts the following defenses in response to the allegations in the Counterclaims in Reply, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

**FIRST DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

57. This Court lacks subject matter jurisdiction over Plaintiff's claims for declaratory judgment.

**SECOND DEFENSE**

**(Lack of Standing)**

58. Plaintiff lacks standing to assert the claims for declaratory judgment in the Counterclaims in Reply.

**THIRD DEFENSE**

**(Failure to State a Claim)**

59. Plaintiff has failed to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

**(Improper Denomination of Claims)**

60. Because Plaintiff's Counterclaims in Reply arise from the same transaction or occurrence as matters pled in Plaintiff's Amended Complaint, they are not proper subjects of a counterclaim in reply and are subject to being stricken by the Court or deemed to be an amendment to Plaintiff's Amended Complaint.

**FIFTH DEFENSE**

**(Laches)**

61. Plaintiff's claims are barred by the doctrine of laches.

**SIXTH DEFENSE**

(*Forum non Conveniens*)

62. Plaintiff's action is subject to dismissal under the doctrine of *forum non conveniens*.

**RESERVATION OF ADDITIONAL DEFENSES**

63. Ericsson reserves the right to assert additional defenses in the event that discovery or other analyses indicate that additional defenses are warranted.

DATED: June 16, 2015                Respectfully submitted,

MUNGER, TOLLES & OLSON LLP
  GREGORY P. STONE
  STEVEN M. PERRY
  BENJAMIN J. HORWICH
  ZACHARY M. BRIERS
  LAURA WIRTH

MCKOOL SMITH HENNIGAN, P.C.
  MIKE MCKOOL, JR. (*pro hac vice*)
  DOUGLAS A. CAWLEY (*pro hac vice*)
  COURTLAND L. REICHMAN

By:   */s/ Gregory P. Stone*
                GREGORY P. STONE

Attorneys for Defendants ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON