WILLIAM F. LEE (admitted *pro hac vice*)
william.lee@wilmerhale.com
JOSEPH J. MUELLER (admitted *pro hac vice*)
joseph.mueller@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, Massachusetts   02109
Telephone:   (617) 526-6000
Facsimile:   (617) 526-5000

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California   94304
Telephone:   (650) 858-6000
Facsimile:   (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

GREGORY P. STONE (Bar No. 78329)
gregory.stone@mto.com
STEVEN M. PERRY (Bar No. 106154)
steven.perry@mto.com
BENJAMIN J. HORWICH (Bar No. 249090)
ben.horwich@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

COURTLAND L. REICHMAN (Bar No. 268873)
creichman@mckoolsmithhennigan.com
MIKE MCKOOL, JR. (*pro hac vice*)
mmckool@mckoolsmith.com
DOUGLAS A. CAWLEY (*pro hac vice*)
dcawley@mckoolsmith.com
MCKOOL SMITH HENNIGAN, P.C.
255 Shoreline Drive, Suite 510
Redwood Shores, California 94065
Telephone:   (650) 394-1400
Facsimile:   (650) 394-1422

*Attorneys for Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California Corporation,<br><br>            Plaintiff,<br><br>        v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON, a Swedish Corporation, and ERICSSON, INC., a Delaware Corporation,<br><br>            Defendants. | Case No. 3:15-cv-00154-JD<br><br>**STIPULATED [PROPOSED]**<br><br>**PROTECTIVE ORDER** |

Plaintiff Apple Inc. ("Plaintiff") and Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson ("Defendants") anticipate that documents, testimony, and/or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information is likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order ("Order" or "Protective Order").

1. **DEFINITIONS**

(a) "Action" means the above-captioned action and any appellate proceedings based on the above-captioned action.

(b) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this Action.

(c) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party in this Action or any Related Litigation and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(d) "Outside Consultants" means a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by Outside Counsel to serve as an expert witness or as a litigation consultant in this Action or any Related Litigation, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of, a Party or a competitor of a Party. For the purpose of this order, professional jury and trial consultants, and others retained by such professional jury and trial consultants, are not considered "Outside Consultants."

(e)     "Patents-in-suit" means U.S. Patent Nos. 8,214,710, 8,169,992, 8,036,150, 8,023,990, 7,660,417, 6,985,474, and 6,445,917, and any other patent asserted in this Action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(f)     "Party" means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

(g)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this Action.

(h)     "Professional Vendors" means vendors retained by Outside Counsel to provide litigation support services (e.g., translating, designing and preparing exhibits, graphics or demonstratives) including ESI vendors and others retained by such consultants to assist them in their work, to whom it is reasonably necessary to disclose the information.

(i)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION," as provided for in this Order, including any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

(j)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(k)     "Related Litigation" refers to any of the following actions: Case Nos. 2:15-cv-00017-JRG-RSP (E.D. Tex.); 2:15-cv-00287-JRG-RSP (E.D. Tex.); 2:15-cv-00288-JRG-RSP (E.D. Tex.); 2:15-cv-00289-JRG-RSP (E.D. Tex.); 2:15-cv-00290-JRG-RSP (E.D. Tex.); 2:15-cv-00291-JRG-RSP (E.D. Tex.); 2:15-cv-00292-JRG-RSP (E.D. Tex.); 2:15-cv-00293-JRG-RSP (E.D. Tex.); Int'l Trade Comm'n Inv. No. 337-TA-952; Int'l Trade Comm'n Inv. No. 337-TA-953, and any appellate proceedings based on the foregoing.

2.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall

be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

3.   **SCOPE**

(a)   The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)   Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)   Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing in accordance with the Civil Local Rules of the Northern District of California.

(d)   This Order is without prejudice to the right of any Party or non-party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.   **DURATION**

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

5.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)   <u>Basic Principles</u>.   Unless otherwise ordered by the Court, or agreed to in writing by the Producing Party, all Protected Material shall be used solely for the purpose of this Action and any Related Litigation, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.   Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

PROTECTIVE ORDER – PAGE 4

(b)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).   Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.   If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c)    <u>Export Control.</u>  Disclosure of Protected Information shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Information, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.   The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

(d)    <u>Legal Advice Based on Protected Material.</u> Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this Action or any Related Litigation based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)    <u>Limitations</u>.   Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.   Nothing in this Order shall restrict in any way the use or disclosure of Protected Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; and/or (v) pursuant to order of the Court.

6.    **DESIGNATING PROTECTED MATERIAL**

(a)    <u>Available Designations</u>.   Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such

designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION."

(b)    <u>Written Discovery and Documents and Tangible Things</u>.    Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 6(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.    For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.    In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)    <u>Native Files</u>.    Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant approved pursuant to paragraph 11, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(d)    <u>Depositions and Testimony</u>.    Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the

transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.   If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.   Any Receiving Party may request permission from the Producing Party to disclose the transcript, or information contained therein, prior to the expiration of the thirty-day period described in this paragraph.   The Producing Party shall not unreasonably delay in responding to such request and shall not unreasonably withhold such permission.   Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.   In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.   In the event the deposition is videotaped, the original and all copies of the video shall be marked by the video technician to indicate that the contents of the video are subject to this Protective Order.   Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.   Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

7.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information that the Producing Party would not ordinarily reveal to other parties except in confidence.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed by a Receiving Party only to the following:

(i)    Current employees and/or officers of the Producing Party, expert witnesses testifying on behalf of the Producing Party at deposition, and all persons who appear on the face of the Discovery Material as an author, addressee, or recipient thereof;

(ii)    The Receiving Party's Outside Counsel, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)    Professional Vendors, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iv)    Not more than four (4) representatives of the Receiving Party ("Party Representatives") who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals, secretaries, legal assistants, and staff, to whom disclosure is reasonably necessary for this Action or any Related Litigation, provided that:    (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 below;

(v)    Any Outside Consultant, provided that disclosure is only to the extent reasonably necessary for this Action or any Related Litigation; and provided that: (a) such Outside Consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such Outside Consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 below.

(vi)    Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(vii)    The Court, jury, court personnel, and court-appointed expert or advisors;

**PROTECTIVE ORDER – PAGE 8**

(viii)    Trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(ix)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(x)    Any mediator or arbitrator who is assigned or selected to hear this Action or any Related Litigation, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(xi)    Any other person with the prior written consent of the Producing Party.

8.    **DISCOVERY    MATERIAL    DESIGNATED    AS    "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"**

(a)    A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.   The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" designation:   trade secrets, pricing information, IP license agreements, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, information disclosed under a non-disclosure agreement, and other non-public information of similar competitive and business sensitivity. This list is not exhaustive of all information that might merit "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" may be disclosed by a Receiving Party only to:

**PROTECTIVE ORDER – PAGE 9**

(i)      Current employees and/or officers of the Producing Party, expert witnesses testifying on behalf of the Producing Party at deposition, and all persons who appear on the face of the Discovery Material as an author, addressee, or recipient thereof;

(ii)      The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)      Professional Vendors, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iv)      Any Outside Consultant retained by the Receiving Party to assist in this Action or any Related Litigation, provided that disclosure is only to the extent necessary to perform such work; and provided that:   (a) such Outside Consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such Outside Consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 below

(v)      Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(vi)      The Court, jury, court personnel, and court-appointed experts or advisors;

(vii)      Trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

**PROTECTIVE ORDER – PAGE 10**

(viii)   Any mediator or arbitrator who is assigned or selected to hear this Action or any Related Litigation, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)   Any other person with the prior written consent of the Producing Party.

9.   **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)   Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this Action, or to obligate any Party to produce any Source Code.

(c)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION" shall be subject to the provisions set forth in Paragraph 10 below.

10.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)   A Producing Party may designate documents, information, or things as "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION," which shall mean litigation material of a Producing Party or of any non-parties that a Producing Party is permitted to produce in this Action that constitutes or contains non-public Source Code.

(b)   "Source Code" shall mean source code, object code (*i.e.*, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code.   For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource

files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

   (c) Materials designated as "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION," shall only be reviewable by SOURCE CODE QUALIFIED PERSONS.  SOURCE CODE QUALIFIED PERSONS including the following: (1) Outside Counsel as necessarily incident to the litigation of this Action; (2) personnel at document duplication, coding, imaging or scanning service establishments retained by, but not regularly employed by, Outside Counsel as necessarily incident to the litigation of this Action; (3) personnel at interpretation/translation service establishments retained by, but not regularly employed by, Outside Counsel as necessarily incident to the litigation of this Action, including without limitation oral interpreters and document translators; (4) the Court, jury, court personnel, and court-appointed experts or advisors; (5) court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this Action; and (6) Outside Consultants in this Action.  Outside Consultants may only review CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION after being expressly identified to the Producing Party as seeking access to CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION.  If the Receiving Party wishes an already identified Outside Consultants to receive CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION, it must re-comply with the provisions of paragraph 11 of this Protective Order in this Action, including allowing the Producing Party an opportunity to object to this Outside Consultant receiving CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION, and identifying the proposed Outside Consultant as seeking access to CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION.

   (d) Source Code shall be provided with the following additional protections:

    (i) Nothing in this Protective Order shall obligate the parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

**PROTECTIVE ORDER – PAGE 12**

           (ii)      Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

           (iii)     Access to Source Code shall be provided on no more than two "stand-alone" computer(s) (*i.e.*, the computer(s) may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and may not be connected to any printer or storage device other than the internal hard disk drive of the computer).   The stand-alone computer(s) shall be kept in a secure location at the offices of the Producing Party's Outside Counsel, or at such other location as the Producing and Receiving Parties mutually agree.   The stand-alone secure computer(s) may be password protected and shall have the Source Code stored on a hard drive contained inside the computer(s).   The Producing Party shall produce Source Code in computer searchable format on the stand-alone computer(s).   The stand-alone computer(s) shall, at the Receiving Party's request, include reasonable analysis tools appropriate for the type of Source Code.   The Receiving Party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the Producing Party so that the Producing Party may install such tools on the stand-alone computer.   To the extent that such tools record local working files or other records reflecting the work performed by the Receiving Party, such files and records shall not be reviewed, altered, or deleted by the Producing Party.

           (iv)     The Receiving Party shall provide at least three (3) business days' notice to access the Source Code and make reasonable efforts to restrict its requests for access to the stand-alone secure computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time at the reviewing location.   Upon reasonable notice from the Receiving Party, which shall not be less than five (5) business days in advance, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the computer outside of normal business hours.   Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing location.   The parties are to cooperate in good faith such that maintaining the Source Code at the offices of the Producing Party Outside Counsel shall not unreasonably hinder the Receiving Party's ability to efficiently conduct the prosecution or defense in this Action.   It is

expected that access to the Source Code shall be provided at the site of any hearing or trial. Proper identification of all SOURCE CODE QUALIFIED PERSONS shall be provided prior to any access to the stand-alone secure computer.

(v)     All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least two (2) business days in advance of the first time that such person reviews such Source Code.   Such identification shall be in addition to any disclosure required under paragraph 10(c) of this Protective Order.   The Producing Party shall provide these individuals with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code on the stand-alone secure computer.   For subsequent reviews by SOURCE CODE QUALIFIED PERSONS, the Receiving Party shall give at least one business day (and at least 24 hours') notice to the Producing Party of such review.

(vi)     No person other than the Producing Party may alter, dismantle, disassemble or modify the stand-alone computer in any way, or attempt to circumvent any security feature of the computer.

(vii)     No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone computer, except for:   (1) print outs of reasonable portions of the Source Code in accordance with the provisions of paragraph 10(d)(ix)-(x) of this Protective Order; and (2) such other uses to which the parties may agree or that the Court may order.   The Receiving Party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code.   "Reasonable portions of the Source Code" shall be limited to the portions that are necessary to understand a relevant feature of an accused product in this Action.   The Producing Party shall not unreasonably withhold approval and the parties shall meet and confer in good faith to resolve any disputes.   The Receiving Party may take notes on a laptop or other personal electronic device, provided such device does not have a camera, and such notes are treated as Highly Confidential – Attorneys' Eyes Only Information under the Protective Order.   The Producing Party may exercise personal supervision from

outside the review room over the Receiving Party when the Receiving Party is in the Source Code review room.  Such supervision, however, shall not entail review of any work product generated by the Receiving Party, *e.g.*, monitoring the screen of the stand-alone computer, monitoring any surface reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the Receiving Party.   There will be no video supervision by any Producing Party.

(viii)   Nothing may be removed from the stand-alone computer, either by the Receiving Party or at the request of the Receiving Party, except for (1) print outs of reasonable portions of the Source Code in accordance with the provisions of paragraph 10(d)(ix)-(x) of this Protective Order; and (2) such other uses to which the parties may agree or that the Court may order.

(ix)   At the request of the Receiving Party, the Producing Party shall within three (3) business days provide one (1) hard copy print out of the specific lines, pages, or files of the Source Code that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused product.  If the Producing Party objects in any manner to the production of the requested Source Code (*e.g.*, the request is too voluminous), it shall state its objection within the allotted two (2) business days pursuant to this paragraph.   In the event of a dispute, the parties will meet and confer within five (5) business days of the objection being raised and if they cannot resolve it the parties will raise it with the Court.

(x)   Hard copy print outs of Source Code shall be provided on Bates numbered and watermarked or colored paper clearly labeled CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION on each page and shall be maintained by the Receiving Party's Outside Counsel or SOURCE CODE QUALIFIED PERSONS in a secure locked area.   The Receiving Party may also temporarily keep the print outs at:   (1) the Court for any hearing or trial relating to the Source Code, for the dates associated with the hearing or trial; (2) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (3) any intermediate location reasonably necessary to transport the print outs (*e.g.*, a hotel prior to a deposition, hearing, or trial).   For avoidance of

**PROTECTIVE ORDER – PAGE 15**

doubt, an access-restricted location within the facilities of Outside Counsel or a qualified Outside Consultant, such as a conference room within an access restricted office or a locked drawer or cabinet, shall constitute a secured locked area.   The Receiving Party shall exercise due care in maintaining the security of the print outs at these temporary locations.   No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

   (A)   The Receiving Party is permitted to make up to five (5) additional hard copies for use at a deposition.   One hard copy of the Source Code may be marked as an exhibit for the deposition, and then maintained by counsel for the party presenting the exhibit during the deposition in a secured locked area.   All other copies shall be destroyed immediately after the deposition is concluded.

   (B)   The Receiving Party is permitted to make up to five (5) additional hard copies for the Court in connection with a court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code are being filed or offered.   To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION; or (2) those pages containing quoted Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION.

   (C)   Electronic copies of Source Code may be made to be included in documents which, pursuant to the Court's rules, procedures and order(s), may be filed or served electronically.   Only the necessary amount of electronic copies to effectuate such filing or service may be stored on any Receiving Party server, hard drive,

PROTECTIVE ORDER – PAGE 16

thumb drive, or other electronic storage device at any given time.
After any such electronic filing or service, the Receiving Party
may maintain reasonable copies of such filings, but shall delete all
other electronic copies of Source Code from all Receiving Party
electronic storage devices.

(D)  The Receiving Party is permitted to possess up to six (6)
CD-ROMs or DVDs that contain an electronic copy of all or any
portion of the hard copy print-outs of Source Code provided by the
Producing Party.   The Receiving Party may provide these
CD-ROMs or DVDs to Outside Consultants, who may use such
CD-ROMs or DVDs solely for active review of the Source Code.
The Receiving Party is also permitted to make temporary copies
necessarily made in the production of these CD-ROMs or DVDs,
provided any such copies are immediately deleted once the
temporary copies are no longer required for the production of the
CD-ROMs or DVDs.   The CD-ROMs and DVDs shall not be
copied, in whole or in part, under any other circumstances.   A
Receiving Party may destroy one or more of the six (6) previously
created CD-ROMs or DVDs and create one or more new
CD-ROMs or DVDs provided that the total number in possession
of the Receiving Party does not exceed six (6).   All CD-ROMs or
DVDs shall be destroyed within 5 days after the completion of the
Action, or the Producing Party's exit from the Action, whichever
occurs first.   The Receiving Party shall keep and maintain a log of
all custodians for all of the CD-ROMs or DVDs as well as the
destruction of all such CD-ROMs or DVDs.   The viewing of any
such CD-ROMs or DVDs shall be done when all network
communication functions of the viewer's device are disabled.

Further, the Receiving Party will not transmit any Source Code of the Producing Party via mail or courier service except that transmission of the six (6) encrypted copies allowed pursuant to the provisions of this paragraph may be transmitted via FTP with the password to unencrypt the media provided orally, via telephone or in-person, upon confirmation of receipt.   The parties will only make copies of Source Code in house (*i.e.*, at the offices of Outside Counsel instead of using outside vendors), including electronic copies, and the parties must ensure that no additional electronic versions or copies of the Source Code remain on internal systems after said six (6) copies are made.

(E)     The Producing Party shall, on request, make a searchable electronic copy of the Source Code available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code.   The Receiving Party shall make such request at the time of the notice for deposition.

(xi)     Nothing in this Protective Order shall be construed to limit how a Producing Party may maintain material designated as CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION.

(xii)     Outside Counsel for the Receiving Party with custody of CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION shall maintain a Source Code log containing the following information:   (1) the identity of each person granted access to the CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION; and (2) the first date on which such access was granted.   Outside Counsel for the Receiving Party will produce, upon request, each such Source Code log to the Producing Party within twenty (20) days of the termination of the Action.

**PROTECTIVE ORDER – PAGE 18**

(xiii)   The Receiving Party will encrypt any electronic copies of Source Code.

(xiv)   The parties agree that Source Code may leave the United States and enter Canada if and only if: 1) the Canada-based expert is first disclosed and cleared pursuant to the parties' Protective Order; and 2) the Canada-based expert provides to the Court a written submission to the jurisdiction of the Court, the International Trade Commission, and any other federal court with respect to any remedial procedures resulting in a Protective Order violation.  Under no other circumstances may any Source Code produced by the parties leave the United States.  This agreement is in addition to any other provision currently in the Protective Order (including any amendments and supplementations thereof).

11.   **NOTICE OF DISCLOSURE**

(a)   Prior to disclosing any Protected Material to any person described in Paragraphs 7(b)(iv), 7(b)(v), 8(b)(iv), or 10(c)(6) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

(iv) an identification of the Person's employment and consulting relationships for the past five (5) years (to the extent such information is not disclosed on the Person's curriculum vitae);

(v) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

**PROTECTIVE ORDER – PAGE 19**

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Outside Consultant.   During the pendency of this Action, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of the subject matters of the patents-in-suit, or the acquisition of intellectual property assets relating to the subject matters of the patents-in-suit.

(b)   Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.   In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order.   There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.   If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute on an informal basis.   If the dispute is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court.   If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)   For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)   Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)   An initial failure to object to a Person under this Paragraph 11 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good

cause.   If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.   If the dispute is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court.   The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.   If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within five (5) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

12.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)   A Party shall not be obligated to challenge the propriety of any designation of Protected Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   Any challenge to a designation of Protected Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.   Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.   The Producing Party shall have the burden of justifying the disputed designation;

(ii)   Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Protected Material in question is not entitled to the status and protection of the Producing Party's designation.   The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any

PROTECTIVE ORDER – PAGE 21

presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Protected Material in question withdraws such designation in writing; or (b) the Court rules that the Protected Material in question is not entitled to the designation.

13.    **SUBPOENAS OR COURT ORDERS**

(a)    If at any time Protected Material is subpoenaed or ordered by any court, arbitral, administrative, or legislative body in any litigation, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof (in no event more than seven (7) days after receiving such subpoena or order) to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.   The Producing Party shall bear the burden and the expenses of seeking protection in the court, arbitral, administrative, or legislative body from which the subpoena or order issued. Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey a lawful directive from a court, arbitral, administrative, or legislative body.

14.    **FILING PROTECTED MATERIAL**

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not publicly file or disclose in the public record any Protected Material.

(b)    Any Party is authorized under N.D. Cal. Civil L.R. 79-5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.   However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

**PROTECTIVE ORDER – PAGE 22**

15. **NON-WAIVER BY VIRTUE OF INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive the applicable privilege and/or protection in this Action or in any other federal or state proceeding.   This provision constitutes an Order under Federal Rule of Evidence 502(d).

(b)     Upon discovery of the inadvertent production of Discovery Materials over which a privilege or protection is claimed, a Producing Party may promptly request the return of such inadvertently produced Discovery Material.

(c)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(d)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

16. **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality

1   designation within seven (7) days upon its notification to the Receiving Parties.   Upon receiving

2   the Protected Material with the correct confidentiality designation, the Receiving Parties shall

3   return or securely destroy, at the Producing Party's option, all Discovery Material that was not

4   designated properly.

5         (b)    A Receiving Party shall not be in breach of this Order for any use of such

6   Discovery Material before the Receiving Party receives such notice that such Discovery Material

7   is protected under one of the categories of this Order, unless an objectively reasonable person

8   would have realized that the Discovery Material should have been appropriately designated with

9   a confidentiality designation under this Order. Once a Receiving Party has received notification

10  of the correct confidentiality designation for the Protected Material, the Receiving Party shall

11  treat such Discovery Material (subject to the exception in Paragraph 16(c) below) at the

12  appropriately designated level pursuant to the terms of this Order.

13        (c)    Notwithstanding the above, a subsequent designation of

14  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or

15  "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION" shall

16  apply on a going forward basis and shall not disqualify anyone who reviewed

17  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or

18  "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY INFORMATION" materials

19  while the materials were not marked "HIGHLY CONFIDENTIAL ATTORNEYS' EYES

20  ONLY" or "CONFIDENTIAL SOURCE CODE-ATTORNEYS' EYES ONLY

21  INFORMATION" from engaging in the activities set forth in Paragraph 5(c) above .

22      17.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

23        (a)    In the event of a disclosure of any Protected Material pursuant to this

24  Order to any person or persons not authorized to receive such disclosure under this Protective

25  Order, the Party responsible for having made such disclosure, and each Party with knowledge

26  thereof, shall immediately notify counsel for the Producing Party whose Protected Material has

27  been disclosed and provide to such counsel all known relevant information concerning the nature

28  and circumstances of the disclosure.   The responsible disclosing Party shall also promptly take

**PROTECTIVE ORDER – PAGE 24**

all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

18.   **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material.   For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned Action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.   Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any portion of any pleadings, correspondence, and consultant work product that contain Source Code.

19.   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     In addition to the exemptions from discovery provided by Federal Rule of Civil Procedure 26(b)(4) the following provision shall apply:   A testifying expert's draft reports, outlines and notes (including preliminary diagrams, highlighting, and marginalia) which are not relied upon by the expert in forming his or her opinions are exempt from discovery. The expert must produce his or her final report and all materials on which he or she relied. Nothing in this provision modifies an expert's obligation pursuant to Rule 26(a)(2)(B) to disclose all information considered by the expert in forming his or her opinions.

(b)     Nothing in this Protective Order, including Paragraph 20(a), shall alter or change in any way the requirements in Paragraph 10 regarding Source Code, and Paragraph 10 shall control in the event of any conflict.

20.   **USE OF DISCOVERY MATERIALS IN RELATED LITIGATION**

(a)   The Parties agree that all documents bearing a Bates stamp produced by a Producing Party in the above-referenced proceeding, excluding discovery materials produced by a third party for which the third party has not consented to disclosure in all Related Litigations, can be used in any Related Litigation by the Receiving Party's Outside Counsel in that Related Litigation who is subject to the Protective Order in that Related Litigation for the purpose of litigating any Related Litigation. Such documents can be used under the terms of the protective order in that Related Litigation applicable to the confidentiality designation most nearly analogous to the confidentiality designation attached to the Bates-stamped documents, without violating the Protective Order in this Action. This shall not be considered an admission that such discovery materials are admissible or otherwise useable. The Parties further agree that they will include similar provisions as needed in the Related Litigations (e.g., in protective orders or other stipulations) to allow for such cross use of materials produced in the Related Litigations.

(b)   The availability of cross-use under paragraph (a), or under any counterpart cross-use provision of a protective order in a Related Litigation, shall not be grounds for asserting that a failure to produce information or documents was substantially justified or harmless under Federal Rule of Civil Procedure 37(c)(1).

(c)   This section does not absolve a Producing Party of its obligation to produce information and documents responsive to discovery requests in this Action and/or any Related Litigation, nor shall anything in this section be considered an admission that such discovery materials are admissible or otherwise useable.

21.   **MISCELLANEOUS**

(a)   <u>Non-Party Production</u>.   A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and will enjoy the same level of protection under this order as any party to this Action.

(b)   <u>Right to Further Relief</u>.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.   By stipulating to this Order, the

Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(c)     Termination of Matter and Retention of Jurisdiction.   The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.   The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(d)     Successors.   This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(e)     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.   This Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding.

(f)     Burdens of Proof.   Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(g)     Modification by Court.   This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.   The United States District Court for Northern District of California is responsible for the interpretation and enforcement of this Order.   All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

**PROTECTIVE ORDER – PAGE 27**

1

2   **IT IS SO STIPULATED.**

3

4   DATED:          June 18, 2015

5

6   APPLE INC.                                ERICSSON INC. AND
                                              TELEFONAKTIEBOLAGET LM ERICSSON
7   By their attorneys,                       By their attorneys,

8      */s/ Mark D. Selwyn*                       */s/ Zachary M. Briers*

9   WILLIAM F. LEE (admitted *pro hac vice*)   GREGORY P. STONE (Bar No. 78329)
    william.lee@wilmerhale.com                 gregory.stone@mto.com
10  JOSEPH J. MUELLER (admitted *pro hac vice*) STEVEN M. PERRY (Bar No. 106154)
    joseph.mueller@wilmerhale.com              steven.perry@mto.com
11  WILMER CUTLER PICKERING                    BENJAMIN J. HORWICH (Bar No. 249090)
        HALE AND DORR LLP                      ben.horwich@mto.com
12  60 State Street                            ZACHARY M. BRIERS (Bar No. 287984)
    Boston, Massachusetts   02109              MUNGER, TOLLES & OLSON LLP
13  Telephone:   (617) 526-6000                355 South Grand Avenue, 35th Floor
    Facsimile:   (617) 526-5000                Los Angeles, California 90071-1560
14                                             Telephone:      (213) 683-9100
15  MARK D. SELWYN (CA SBN 244180)             Facsimile:      (213) 687-3702
    mark.selwyn@wilmerhale.com
16  WILMER CUTLER PICKERING                    COURTLAND L. REICHMAN (Bar No.
        HALE AND DORR LLP                      268873)
17  950 Page Mill Road                         creichman@mckoolsmithhennigan.com
    Palo Alto, California   94304              MIKE MCKOOL, JR. (*pro hac vice*)
18  Telephone:   (650) 858-6000                mmckool@mckoolsmith.com
19  Facsimile:   (650) 858-6100                DOUGLAS A. CAWLEY (*pro hac vice*)
                                              dcawley@mckoolsmith.com
20                                             MCKOOL SMITH HENNIGAN, P.C.
                                              255 Shoreline Drive, Suite 510
21                                             Redwood Shores, California 94065
                                              Telephone:      (650) 394-1400
22                                             Facsimile:      (650) 394-1422

23

24  **IT IS SO ORDERED.**

25

26  DATED:  _____

27
                                    _____
28                                  Hon. James Donato
                                    UNITED STATES DISTRICT JUDGE

**PROTECTIVE ORDER – PAGE 28**

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Apple Inc. v. Telefonaktiebolaget LM Ericsson and Ericsson, Inc., United States District Court, Northern District of California, Civil Action No. 3:15-cv-154-JD.   Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

1

## **<u>ATTESTATION</u>**

2

I, Mark D. Selwyn, do hereby attest that on June 18, 2015, I obtained the concurrence of

3 counsel for Telefonaktiebolaget LM Ericsson and Ericsson, Inc., to file this document on behalf

4 of both parties.

5

6

7 Dated: June 18, 2015                              /s/ *Mark D. Selwyn*

8                                                          MARK D. SELWYN (CA SBN 244180)
                                                             mark.selwyn@wilmerhale.com
9                                                          WILMER CUTLER PICKERING
                                                                HALE AND DORR LLP
10                                                         950 Page Mill Road
                                                             Palo Alto, CA   94304
11                                                         Telephone:   (650) 858-6000
                                                             Facsimile:    (650) 858-6100
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28