WILMERHALE

July 1, 2015

**By ECF**

Mark D. Selwyn

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

Hon. James Donato, United States District Court
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, California  94102

Re:  *Apple Inc. v. Telefonaktiebolaget LM Ericsson, et al.*, Case No. 3:15-cv-00154-JD

Dear Judge Donato:

Apple respectfully submits this letter in response to Ericsson's letter dated June 22, 2015, which seeks to compel a further response to Ericsson's Interrogatory No. 11.

**I.     Apple's Interrogatory Response Accurately Explains That Apple Does Not Test For Compliance With Every Section Of The LTE Specifications—Including Those At Issue In This Case.**

In response to Interrogatory No. 11, Apple accurately explains that it does not "test whether its products 'implement or practice' every provision set forth in the specifications of 3GPP and/or ETSI standards, including LTE, including the specific portions of the LTE standard" identified by Ericsson.  Apple's answer is neither  "evasive" nor "non-responsive" as Ericsson contends.  Apple, like other  handset suppliers, commissions industry conformance tests—from third-party vendors—aimed at ensuring that Apple's devices pass the tests mandated by the PTCRB, a certification forum for the cellular industry, and certain network carriers (e.g., AT&T and Verizon).  However, those tests are directed to specific procedures and conformance tests specified in standardized certification documents.  They do not address whether a device implements each provision of the technical specifications identified in Ericsson's interrogatory.[1]

To date, Apple has produced to Ericsson more than 250 certification testing reports, comprising more than 10,000 pages, showing that conformance tests are not conducted to assess compliance with particular sections of the technical specification, but instead are focused on "test cases" that indicate whether the products perform the process(es) required for that test case.[2]  In addition, Apple has produced more than 100 spreadsheets that reflect additional network test requirements mandated by specific network carriers separate from the PTRCB certification process.  These

---

[1] At a recent trial involving Apple, an employee of one of Apple's third-party testing vendors, CETECOM, confirmed in his testimony that CETECOM does not test for "every technical specification" within the standard: "Q.  If I understand you correctly, there would be no way to test to see if a device conformed or supported every technical specification in UMTS.  Did I understand that correctly?  A.  For the limited scope of our services, which includes conformance testing for different technologies, including UMTS, we follow the industry certification requirements as there are different groups, GCF and PTCRB, and we follow those.  We do not question or even investigate if anything is left out that is not included -- left out that is included in the 3GPP technical specification and defined as a requirement but is not part of the industry certification requirement."  3/11/15 Tr. at 126:25-127:13, *Core Wireless Licensing v. Apple Inc.*, No. 12-cv-100 (E.D. Tex.).
[2] *See* APL-ERCSN_0000036168-38593; APL-ERCSN_0000542234-548799; and APL-ERCSN_0000542234 – 548799; APL-ERCSN_0000565203-566520.

July 1, 2015
Page 2

WILMERHALE

documents likewise demonstrate that the tests are not conducted to assess compliance with technical specifications identified in Ericsson's interrogatory.[3]

Ericsson claimed in the meet-and-confer process that it was not seeking "attorney or expert analysis" in response to Interrogatory No. 11 -- but that is precisely what is required for Apple to answer the interrogatory because Apple's certification materials simply do not address whether the accused products practice the portions of the LTE standard at issue.

II.     **Apple Will Provide Non-Infringement And Non-Essentiality Contentions Next Week, Including Any Implementation-Specific Differences With The LTE Standard Of Which It Is Aware.**

Ericsson contends that the accused products infringe because they operate using the LTE standard to which the asserted patents are allegedly essential.  In response, Apple contends that it does not infringe Ericsson's patents-in-suit because they do not cover the portions of the LTE standard that Ericsson has identified in its Infringement Contentions as the basis for its claim of purported essentiality.  Ericsson's letter brief miscasts the infringement dispute as turning simply on whether the accused products practice certain portions of the LTE standard —suggesting that the parties agree that the patents-in-suit cover those portions of the standard.  Not so: this is a critical disputed issue.  Thus, Ericsson's premise that any product that complies with the relevant standards necessarily infringes its patents is incorrect.

Apple has agreed to provide, just one week from today, interrogatory responses identifying particular grounds for its non-infringement and non-essentiality contentions, based on the information that Apple presently has.  To the extent that any of Apple's current non-infringement and non-essentiality contentions rely on known implementation-specific facts, Apple will also provide them next week.  And to the extent that Apple later learns of differences between the portions of the LTE standard cited in Ericsson's Infringement Contentions and the actual implementation by the Qualcomm chip, Apple will promptly supplement to provide them.  Apple has never suggested otherwise.

Indeed, if, as Ericsson states, it is willing to narrow Interrogatory No. 11 to the portions of the specifications cited in its Infringement Contentions, then there appears to be nothing in dispute: Apple has already agreed to provide non-infringement and non-essentiality contentions on July 8, which will include any implementation-specific details of which Apple is presently aware on which it bases its contentions.

To be clear, Apple may, in the course of discovery, identify differences of which it is not presently aware between the portions of the LTE standard cited in Ericsson's Infringement Contentions and the actual operation of the accused devices.  As Apple explained in its interrogatory response: "Apple purchases baseband chips that support LTE functionality from Qualcomm" and a "determination of whether the Qualcomm baseband chipsets in the accused devices implement a particular portion of the standard requires a comparison of the operation of the Qualcomm source code with the relevant portion of the standard."  (Dkt. 97-1 at 17.)  Qualcomm, as the developer of the baseband chips, has the most detailed knowledge regarding

---

[3] *See* APL-ERCSN_0000548817-548920.

July 1, 2015
Page 3

WilmerHale

their design and operation. In addition, Apple does not have access to all the source code in the Qualcomm baseband chips; specifically, Apple is not provided with hardware code describing the circuit design. Moreover, while Apple has access to firmware code on the chips, based on Apple's investigation to date, it appears that Apple itself has written no code relevant to the functionalities accused in this case. If Apple learns of differences between the portions of the LTE standard cited in Ericsson's infringement contentions and the operation of the baseband chips, Apple will supplement its response to the interrogatory to provide them.

### III. Ericsson's Interrogatory Is Substantially Overbroad.

As presently framed, Ericsson's Interrogatory No. 11 seeks discovery far afield from its Infringement Contentions. The interrogatory requests discovery into whether Apple "implements or practices" the entirety of voluminous portions of the LTE standard spanning more than a 1,000 pages. But only a fraction of these pages form the basis for Ericsson's Infringement Contentions. For example, for U.S. Patent No. 7,660,417, the interrogatory defines 3GPP TS 24.301 as an "Identified Portion[] of the LTE Standard." TS 24.301 is 263 pages long, but Ericsson's Infringement Contentions only address 7 of those pages. Ericsson provides no justification for seeking discovery regarding these wide swaths of the LTE standard not put in issue by its Infringement Contentions.

### IV. Apple Is Producing All The Baseband Source Code In Its Possession From Which Ericsson May Perform Its Own Analysis.

Given Apple's commitment to provide non-infringement and non-essentiality contentions next week, Ericsson faces no prejudice from the fact that, at this early stage of discovery, Apple is not yet aware of all differences that may exist between the operation of the Qualcomm baseband chip and the portions of the LTE standard cited by Ericsson's Infringement Contentions. Furthermore, Apple is making available to Ericsson for inspection all the baseband source code in its possession, and, eventually, Apple and Ericsson will have access to any relevant hardware source code produced by Qualcomm. Nothing prevents Ericsson from undertaking its own analysis of this code.

For the foregoing reasons, Apple respectfully requests that the Court deny Ericsson's request to compel a further response by Apple to Interrogatory No. 11.

Respectfully submitted,

WILMER CUTLER PICKERING
    HALE AND DORR LLP

/s/ Mark D. Selwyn
Mark D. Selwyn

*Attorneys for Plaintiff Apple Inc.*

cc:    Defendants' counsel