BY ECF

**WILMERHALE**

November 6, 2015

Hon. James Donato, United States District Court
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94012

Elizabeth M. Reilly

+1 617 526 6704 (t)
+1 617 526 5000 (f)
beth.reilly@wilmerhale.com

Re:  *Apple v. Ericsson*, Case No. 3:15-cv-00154-JD

Dear Judge Donato:

    Pursuant to this Court's October 30, 2015 Order (Dkt. No. 136), Apple submits this further response relating to its agreements with carriers.

## I.    The Agreements Are Not Relevant to Damages.

    Ericsson erroneously suggests that the agreements might be relevant to damages issues. But the agreements contain no information relevant to Ericsson's own damages theories.

    Ericsson set forth its damages theories in its Amended Initial Disclosures, which it submitted to this Court two months ago in an attempt to justify the sufficiency of its interrogatory response on the measure and proper calculation of its damages. Ericsson defended its response by noting that its disclosures "run seven full pages, detailing the type of damages Ericsson seeks, the factors that are relevant in the claimed damages, and the materials on which Ericsson may rely in support of its position on each of those factors. They also identify the information Ericsson still needs to calculate a reasonable royalty." (Dkt. 119 at 1.) Nowhere in those "seven full pages" does Ericsson identify the carrier agreements as materials that it may rely on or still needs to calculate a reasonably royalty. (*Id.* at 5-12.)

    Nor would the carrier agreements be relevant to calculating a reasonable royalty under the applicable law, as recently articulated by the Federal Circuit. Last year, in a case in which Ericsson was the plaintiff and claimed, as it does here, that its patents were essential to a standard, the Federal Circuit confirmed that a proper damages analysis turns on "the incremental value of the invention, not the value of the standard as a whole or any increased value the patented feature gains from its inclusion in the standard." *Ericsson v. D-Link Sys. Inc.*, 773 F.3d 1201, 1235 (Fed. Cir. 2014). The Federal Circuit also confirmed that in cases involving standard essential patents (SEPs), "the patented feature must be apportioned *from all of the unpatented features reflected in the standard*." *Id.* at 1232 (emphasis added). Describing it as a matter of first impression, the Federal Circuit also cautioned that many of the traditional *Georgia-Pacific* factors "simply are not relevant" to the determination of a proper royalty rate in a case involving SEPs subject to a FRAND (fair, reasonable, and non-discriminatory) licensing requirement. *Id*. at 1230.

    The agreements at issue here do not contain information relating to the accused functionalities apart from the LTE standard as a whole. For example, the agreements do not contain "assurances . . . that the accused products implement functionalities claimed by the asserted patents, such as event-based reporting . . . or the use of security keys," as Ericsson speculated. (Dkt. 123 at 2.) Thus, they are not relevant to the determination of a reasonable royalty for the patents in suit.

Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Washington

WILMERHALE

Page 2

## II. Ericsson Has The Relevant Damages Discovery It Needs or May Seek to Obtain It Through Other Means.

Apple has already produced the financial and licensing information Ericsson needs from Apple to support Ericsson's damages analysis, including financial documents that provide cost allocations for the components within the accused devices (specifically including the Qualcomm baseband processors); U.S. sales and revenue data for the accused products showing the number of units sold each quarter; current and historical pricing information for the accused products; and gross margin information for the accused products on an annual basis. Apple has also produced all agreements under which it has granted or received licenses to declared-essential cellular patents, and a summary of the royalties paid under those agreements.

Ericsson has had nearly all these documents since June. Apple also offered a corporate witness (Michael Jaynes) for deposition on September 29 regarding Apple's financial information and the documents Apple has produced. Ericsson declined to proceed with his deposition. Thus, while Ericsson seeks irrelevant information from the carrier agreements, it has not availed itself of the relevant discovery that has been available to it for quite some time.

## III. Conclusion

Apple respectfully requests that the Court deny Ericsson's motion to compel. If the Court orders production of any portion of these agreements, however, Apple respectfully requests that production be limited to specific portions and made available for review on a secure computer under the same conditions as source code.

Sincerely,

Beth Reilly

Elizabeth M. Reilly